BOLIN, Judge.
Plaintiff wife seeks a separation from bed and board from her husband on the ground of cruel treatment. For brief oral reasons made a part of the record the trial judge rendered judgment in favor of the wife and defendant husband appeals.
The sole issue is whether the wife has sufficiently proved misconduct on the part of her husband to entitle her to a separation under the following provisions of Article 138 of Louisiana Civil Code:
“Separation from bed and board may be claimed reciprocally for the following causes:
* * * * * *
“3. On account of habitual intemperance of one of the married persons, or excesses, cruel treatment, or outrages of one of them towards the other, if such habitual intemperance, or such ill-treatment is of such a nature as to render their living together insupportable.”
We find the husband pursued a studied course of mental cruelty and displayed' frequent outbursts of violent temper toward his wife. We also conclude he exhibited improper attitudes toward his son and daughter, ages 20 and 15, respectively, and was so harsh in his discipline of his son as to cause humiliation and embarrassment to his wife and children in the presence of family friends.
A series of studied vexations and provocations by the husband causing mental anguish, as distinguished from physical mistreatment, may constitute cruelty of such a nature as to render living together unbearable and insupportable within the meaning of Louisiana Civil Code Article 138(3); Manley v. Manley, 188 So.2d 194 (La.App. 2 Cir.1966) and cases cited therein. We find plaintiff has sufficiently *616 borne the burden of proving her case under the Civil Code Article cited supra and the cases decided thereunder.
Appellant alternatively urges the wife condoned the alleged cruel treatment by continuing to live in the same house with him following some of the incidents of cruelty. We find no merit in this contention. The acts forming the basis of this suit were not isolated but of a continuing nature, finally culminating in the wife being unable to tolerate living with her husband. Forebearance of cruel treatment and humiliation, with the hope of holding a family together, does not constitute reconciliation or condonement so as to defeat an action for separation. Carriere v. Carriere, 147 So.2d 668 (La.App. 3 Cir. 1962) and cases cited therein.
For the reasons assigned the judgment is affirmed at appellant’s cost.