381 So.2d 538 (1980)
Judith Thibodaux, wife of Robert Louis BETTENCOURTT
v.
Robert Louis BETTENCOURTT.
No. 10758.
Court of Appeal of Louisiana, Fourth Circuit.
February 22, 1980.
Writ Refused March 28, 1980.
*539 Mmahat, Gagliano, Duffy & Giordano, Jerald L. Album, Metairie, for Robert Louis Bettencourtt, defendant-appellant.
Nel F. Vezina, Gretna, for Judith Bettencourtt, plaintiff-appellee.
Before SAMUEL, BOUTALL and GARRISON, JJ.
BOUTALL, Judge.
The wife files suit against her husband on the grounds of cruel treatment. Her husband reconvened and alleged cruel treatment on her part and that she abandoned the matrimonial domicile. The lower court found in favor of the wife and her husband brings the appeal. We affirm.
The parties were married on May 22, 1970. During the marriage two children were born. They lived together until October 7, 1977 when the wife was admitted into DePaul's Hospital. The evidence is basically the testimony of the wife against the testimony of the husband. The trial court made it quite clear in its reasons for judgment that it believed the testimony of the wife.
In the area of domestic relations much discretion must be vested in the trial judge, and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. Trosclair v. Trosclair, 337 So.2d 1216 (La.App.1st Cir. 1976).
The wife's complaints were not of physical cruelty, but mental harassment. Her complaints were of a continuing nature which started at the beginning of their marriage and lasted until their separation. He restricted her friends and constantly tried to dominate her. The stress caused by her husband was one of the factors causing her to seek psychiatric help, yet he continually protested her seeking psychiatric help.
The combination of this continued harassment eventually became a series of studied vexations and provocations causing mental anguish and constitutes cruel treatment. Sadoff v. Sadoff (La.App.2d Cir. 1968) 210 So.2d 614. It became necessary for her to be hospitalized because of her extreme depression and be removed from the environment at home.
The husband contends cruel treatment on the part of his wife: one, that she refused to cook and clean the home; two, because of statements made by her that she no longer loved him prior to her entering DePaul's hospital. Also, he contends she abandoned the matrimonial domicile when she entered the hospital.
The trial court found, and the evidence shows, that Mrs. Bettencourtt kept a tidy house and cooked meals for her family. The record further shows that Mrs. Bettencourtt was under severe strain during the last few months prior to entering the hospital, and that statements made at this time *540 concerning her lack of love for her husband were apparently made because she felt her husband constantly communicated to her that she did not really perform adequately sexually and that there was something wrong with her. These statements fall within the rule expressed in Courville v. Courville (La.App.3rd Cir. 1978) 363 So.2d 954. There the court found that actions that could normally constitute cruelty, when involuntarily induced by a pre-existing mental condition would legally excuse the wife from "fault" with respect to the separation.
We find that the wife did not abandon the matrimonial domicile. She left to be admitted into the hospital. Upon leaving the hospital she returned to the matrimonial domicile.
We affirm the trial court's judgment.
AFFIRMED.