423 So.2d 13 (1982)
Robert G. STRONG, Raiford Strong and Nelda Strong
v.
Donna Elizabeth TROSCLAIR.
No. 82 CA 0102.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
F. Barry Marionneaux, Plaquemine, for plaintiffs-appellees Robert G. Strong, Raiford Strong & Nelda Strong.
Patrick W. Pendley, Freeman & Pendley, Plaquemine, for defendant-appellant Donna Elizabeth Trosclair.
Before COVINGTON, LEAR and LANIER, JJ.
LEAR, Judge.
Donna Elizabeth Trosclair and Robert G. Strong were married on July 12, 1975, and subsequently granted a divorce by a Mississippi court on June 15,1978. The Mississippi court also granted custody of the couple's minor son to the mother and set certain visitation rights for the father. Thereafter, the father filed suit in the Eighteenth Judicial District of Louisiana[1] requesting modification and expansion of the visitation rights granted by the Mississippi court. The father was joined in the suit by the paternal grandparents, Raiford and Nelda Strong, who were seeking visitation rights in their favor under LSA-R.S. 9:572. The district court's judgment setting specific visitation rights is attached hereto as Appendix A.
The mother has appealed, arguing the district court abused its discretion in its award of visitation rights.
We first note that in cases involving the best interests of a child much discretion and latitude is accorded the trial judge and his judgment will only be set aside where it is shown that there has been an abuse of discretion. Ogden v. Ogden, 220 So.2d 241 (La.App. 1st Cir.1969); Johnson v. Johnson, 214 La. 912, 39 So.2d 340 (La.1949).
Appellant's first main argument is that the exercise of the father's visitation rights by the paternal grandparents is not in the best interests of the child. We note *14 first that the paternal grandparents are not merely exercising the visitation rights of the father; they are plaintiffs in the suit seeking the establishment of visitation rights under LSA-R.S. 9:572 in their favor and have been granted such by the court. Despite appellant's statement that the monthly week-end visits are not in the best interests of the child, no reference is made to any evidence in the record which would substantiate this allegation. The paternal grandparents and the paternal great-grandparents, who also reside in Natchez, were all present the day of trial and testified that the child's week-ends in Natchez were spent playing and visiting with the numerous relatives who reside in that city. Appellant did not refute this, nor did she object to the monthly week-end visits when questioned about them at trial. Most importantly, there was no evidence that the child had or would suffer any emotional trauma or strain as a result of these visits.
Appellant next argues that the continuous two month summer visitation period is excessive and constitutes an abuse of discretion. The record does not contain any evidence to indicate that the child has been or will be adversely affected by these visits. However, in light of the fact that the parents live a great distance apart and in light of the fact that the child will only be seven and a half at the time of the coming summer visit, we find that the trial court judge abused his discretion by granting a continuous two month summer visitation period. Poole v. Poole, 270 So.2d 215 (La.App. 1st Cir.1972), writ denied, 273 So.2d 295 (La. 1973).
We therefore amend the judgment of the trial court and grant a thirty day summer visitation period. The judgment of the trial court is affirmed in all other aspects. Costs on appeal are to be paid by plaintiff-appellant.
AMENDED IN PART AND AFFIRMED AS AMENDED.

APPENDIX A
The judgment reads in part:
IT IS ORDERED, ADJUDGED AND DECREED that there be Judgment on the main demand in favor of the plaintiffs, Robert G. Strong, Raiford Strong and Nelda Strong, establishing reasonable visitation rights for each, relative to the minor child, Robert Allen Strong, as follows:
I. Robert G. Strong shall be entitled to a continuous two-month period each summer for visitation in Oklahoma, Mississippi or wherever Robert G. Strong chooses to spend his vacation, provided that Robert G. Strong may allow Raiford Strong and Nelda Strong to take said minor child for a visit to their home or to accompany the grandparents on their vacation. Said summer visitation to commence the second Friday at 6:30 P.M. after the end of the school term.
II. Robert G. Strong shall be entitled to one (1) weekend every month being designated as the third weekend of each month from Friday at 6:30 P.M. to 5:00 P.M. Sunday. The designated third weekend may be changed with seven (7) days prior notice to the Mother. This weekend provision shall include one (1) three-day weekend between January and June to be designated in January of each year.
III. Robert G. Strong shall be entitled to an additional weekend nearest to July 4 for the Plaintiffs' family reunion, from Friday at 6:30 P.M. to 5:00 P.M. Sunday.
IV. Robert G. Strong shall be entitled to visitation on alternate years during Thanksgiving vacation beginning the Friday preceding Thanksgiving at 6:30 P.M. through Thanksgiving week to the following Sunday at 5:00 P.M., commencing 1981.

*15 V. Robert G. Strong shall be entitled to visitation beginning the Sunday following Christmas Day at 6:30 P.M. through the entire week until the Sunday following New Year's Day at 5:00 P.M. in 1981 and all subsequent odd numbered years. Thereafter on even numbered years, Robert G. Strong shall be entitled to visitation beginning 6:30 P.M. on Friday, the last school day preceding the Christmas holidays through the following week until 5:00 P.M. on the first Sunday after Christmas.
VI. Either Raiford Strong or Nelda Strong or Robert G. Strong may pick up or return the child at the designated times, and either Raiford Strong or Nelda Strong or Robert G. Strong may exercise visitation rights granted, provided, however, that Robert G. Strong will exercise visitation rights in the two-month period each summer.
VII. Robert G. Strong, Raiford Strong or Nelda Strong will always inform Donna Elizabeth Trosclair as to the whereabouts of the child and the itinerary of any vacation on which the child may accompany plaintiffs.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the visitation granted herein shall not interfere with the child's regular schooling.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the child will not be prevented from having contact with any of his relatives, either on his mother's side or his father's side. No letters, cards, gifts, birthday presents, etc., to the minor child will be interfered with unless the gifts are deemed dangerous to the child's health or welfare by the mother, and if they are so considered, she must notify the donor.
NOTES
[1] Presently, the mother has custody of the minor son and resides in Plaquemine, Louisiana, with her parents. The father is remarried and resides in Oklahoma City, Oklahoma; the paternal grandparents reside in Natchez, Mississippi.