428 So.2d 1204 (1983)
John B. SOUZA
v.
Helen Nash, Wife of John B. SOUZA.
No. 82-CA-120.
Court of Appeal of Louisiana, Fifth Circuit.
March 8, 1983.
*1205 Corey, Reed, Bethay & Kogos, Edward J. Lassus, Jr., New Orleans, for plaintiff-appellee.
Andre Guichard, Theodore W. Nass, New Orleans, for defendant-appellant.
Before KLIEBERT, BOWES, and DUFRESNE, JJ.
DUFRESNE, Judge.
John B. Souza (plaintiff) brought suit against his wife, Helen Nash Souza (defendant) seeking a divorce on the grounds of having lived separate and apart continuously for a period in excess of one year. The defendant answered and prayed for alimony after divorce in a Rule for Permanent Alimony. The plaintiff answered and asserted that the defendant was at fault thereby barring her from obtaining any alimony after divorce.
Following the trial, there was judgment in favor of plaintiff granting the divorce, "a vinculo matrimonii", and judgment against the defendant rejecting her claim for alimony. The trial court found that both parties involved were at fault, and because of the mutuality of fault, denied alimony to the defendant.
Subsequently, defendant filed a "Rule for Partial New Trial" citing that "the testimony of John B. Souza, her husband, and Nancy Reichenpfader, her daughter regarding the fault of Helen Nash was false and misleading". After a hearing on the rule for partial new trial, the trial court denied the motion.
The defendant appeals to this court from the judgment of the trial court finding her at fault and denying the motion for partial new trial on the issue of fault. She alleges that the trial judge committed reversible error in holding the defendant at fault; because there exists ample evidence adduced at trial to support a finding that defendant was free from fault in causing the dissolution of her marriage and further that there exists good grounds to allow the granting of a partial new trial.
In order for the trial court to determine whether to grant alimony after divorce, the court is governed by Article 160 of our Civil Code, which reads in part:
"When a spouse has not been at fault ... the court may allow that spouse alimony...."
The cases in the area of domestic relations are clear. The question of a spouse's fault (when determining alimony under LSA-C.C. art. 160) is a factual issue. Pearce v. Pearce, 348 So.2d 75 (La.1977). In this case the trial judge evaluated the aggregate circumstances and based upon the evidence adduced at trial found both parties guilty of fault.
The trial court judge in his oral reasons for judgment elaborated upon the facts constituting the mutuality of fault. The conduct of the parties consisted of the following:
"In this particular case, this court believes that both parties bickered and argued over a period of thirty years, that both of them were probably verbally abusive to each other, refused to talk to each other for extended periods of time.
The court believes that Mrs. Souza asked Mr. Souza to leave the house on several occasions and also the court believes the testimony of Mr. Souza to the effect that Mrs. Souza said `I want you out of my life.' By the same token, the court believes that Mr. Souza left Mrs. Souza under circumstances, at least, ones which were least undesirable.
The court further believes that Mrs. Souza played the TV until the late hours *1206 of the night, disturbing the sleep of Mr. Souza, and these parties lived in separate bedrooms for approximately two years and, that according to at least one witness, Mrs. Souza regarded sex with her husband as disgusting and humiliating, and Mr. Souza testified that during their marriage, it was customary to have sex approximately once every three months. On one occasion, he said that the parties went eighteen months without sex.
Taking all of these things into consideration, this court believes that both parties were at fault in connection with dissolutionment of this marriage and the court believes that Mrs. Souza has not proved by a preponderance of the evidence that she has not been at fault.
That being the case, this court denies the request for permanent alimony".
Appellate courts have consistently recognized that a trial court's findings of fact on the issue of a spouse's fault will not be disturbed on appeal unless found to be clearly wrong. The trial judge is accorded much discretion in the resolution of domestic litigation and particularly in evaluating the weight of evidence which is to be resolved primarily on the basis of the credibility of witnesses. The trial judge having observed the demeanor of the witnesses is in the better position to rule on their credibility. The factual findings of the trial court are therefore to be given very substantial weight on review. Pearce v. Pearce, supra.
The record appears to support the plaintiff's allegations that his wife (the defendant) refused conjugal rights of cohabitation and also refused to perform her household duties. As a result, the plaintiff was relegated to doing housework as well as working all day at his place of employment. Furthermore, there is support for the allegations that the defendant would "chew out" and revile the plaintiff, thus subjecting him to cruel emotional treatment. With respect to the two versions presented at trial, the trial court accepted that of the husband. "Credibility of the parties is of particular importance to a resolution of questions of fact consisting of conflicting contentions." McVay v. McVay, 276 So.2d 926 (La.Ct.App. 3rd Cir.1973).
The appellate court's review of a "cold record" will not disturb the trial court's findings, unless there exists obvious flaws which indicate that the trial judge was clearly wrong. We do not find any clear errors, therefore we affirm the trial court's judgment under these circumstances.
The record is replete with testimony concerning the abusive nature of the defendant, in failing to engage in sexual activity, in cursing the plaintiff, in disrupting the household with the noise of television into the early hours of the morning, the failure to wash or cook, and with continuous vexations.
It is argued by the defendant-wife that her husband palliated the enormities of her matrimonial transgressions. In this connection, she contends that her standard of behavior in and outside the confines of their abode was not only tolerated, but was accepted by the mere fact that they perpetuated a domestic establishment over several years. Cohabitation, after such mentally cruel treatment, is usually construed as reconciliation. Gilberti v. Gilberti, 338 So.2d 971 (La.App. 4th Cir., 1976). Nevertheless, reconciliation is an issue of fact with the resolution of this matter determined by the trier of fact after a careful examination of the facts and their relationship to the interested parties. Jordan v. Jordan, 394 So.2d 1291 (La.App., 1st Cir., 1981). Although the uninterrupted marital status of the parties constitutes a strong presumption that their relationship would endure, we hold that the plaintiff's inaction to abandon his wife and family was a mere forebearance, and as such, can not be construed as a reconciliation or condonation of the prolonged cruel treatment. The jurisprudence relative to this issue is clear. Forebearance of the husband enduring acts of cruel treatment over a period of time does not constitute a condonation of cruel treatment to bar his suit for divorce. Rainwater v. Brown, 61 *1207 So.2d 730 (La.1952). As a result the defendant's argument relative to this issue is without merit.
With regard to the trial court's refusal to grant a partial new trial, we find that the court was within its sound discretion, accordingly, we affirm.
The Code of Civil Procedure Articles governing motions for new trial are LSA-C. C.P. Art. 1971 and 1972, read as follows:
Art. 1971, Granting a new trial
"A new trial may be granted, upon contradictory motion of any party or by the court on its own motion, to all or any of the parties and on part of the issues, or for reargument only. If a new trial is granted as to less than all parties or issues, the judgment may be held in abeyance as to all parties and issues."
Art. 1972. Peremptory grounds.
"A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) Where the judgment appears clearly contrary to the law and the evidence;
(2) Where the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial; or
(3) In jury cases, as provided in Article 1814."
The trial court is vested with great discretion in granting a new trial. City of Baton Rouge v. Downtown Investment Corp., 290 So.2d 748 (La.1st Cir.Ct.App., 1974). The issue with which we are faced is whether the trial judge erred in disallowing a partial new trial. We find that he did not.
For the reasons assigned, the judgment appealed from is affirmed.
AFFIRMED.