ALFORD, Judge.
Plaintiff husband instituted this suit for separation based upon abandonment; defendant wife reconvened for a separation alleging cruel treatment. After trial on the merits, the lower court granted judgment in the wife’s favor and dismissed plaintiff’s suit. This appeal followed. We affirm.
The testimony shows that Maurice and Frances Bercier were married on August *32 17, 1963. Two children, Marisa and Christine, were born of this marriage. Sometime in March of 1977, plaintiff abandoned defendant and on August 23, 1977, Frances Bercier was granted a legal separation. Although the evidence demonstrated that on August 25, 1977, plaintiff administered a severe beating to defendant, nevertheless, the spouses reconciled on September 1, 1980, and thereafter lived together as man and wife until September 17, 1981, when Mrs. Bercier vacated the matrimonial domicile. Dr. Bercier then filed suit.
Defendant’s reconventional demand is premised upon a second beating she is alleged to have sustained in August of 1981. Fearing for her safety, yet not wishing to precipitate another attack, plaintiff in re-convention waited until time was propitious, then moved to Lafayette with the children.
It was the finding of the trial court that Dr. Bercier’s temper raged out of control at times and that defendant suffered a continuum of abusive treatment. More significantly, the trial judge found that the unprovoked incident in August 1981, resulted in Mrs. Bercier being kicked, knocked against the wall and choked by the plaintiff. It was subsequent to this treatment that Mrs. Bercier abandoned the St. Tammany Parish matrimonial domicile and moved to Lafayette Parish.
On appeal, the plaintiff’s two specifications of error encompass only one question. Was the evidence sufficient to sustain the trial court’s decision that Mrs. Bercier’s abandonment of the matrimonial domicile was with lawful cause? We think it was.
As occurs in the usual domestic relations case the versions of particular incidents are contradictory. In such instances, as in our case, the resolution of fact questions is essentially a credibility determination to be made by the trial judge. Having observed the demeanor of the witnesses, the trial court is in the better position to rule on their veracity. Blackwell v. Blackwell, 413 So.2d 1331 (La.App. 1st Cir., 1982). Such factual findings should be reversed only upon a finding of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
It is well settled law in Louisiana that cruelty in any form is proper legal grounds for separation. LSA-C.C. art. 138(3), Von Bechman v. Von Bechman, 386 So.2d 910 (La.1980). If by plaintiff’s unprovoked attack, defendant was placed in apprehension of physical harm such that living together would be rendered insupportable, then Mrs. Bercier was justified in abandoning the matrimonial domicile and bringing this suit. Because the first assault on defendant was followed by apparent reconciliation, it may not be used as a basis for the present suit. However, the previous act of violence may be material in corroboration with the subsequent attack to demonstrate a justification for defendant’s fear for her personal safety. LSA-C.C. art. 153; Gibbon v. Gibbon, 337 So.2d 298 (La.App. 2nd Cir., 1976).
After listening to the testimony, the trial court found that plaintiff’s treatment of defendant was abusive and cruel and rendered living together insupportable. Our close review of the record convinces us that the decision is confirmed by the evidence and is not manifestly erroneous. As such, the decision of the trial court is affirmed at appellant’s costs.
AFFIRMED.