435 So.2d 1141 (1983)
Arthur Dixon COLLEY
v.
Diana Lee Day COLLEY.
No. 83 CA 0139.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
Rehearing Denied August 23, 1983.
*1142 Glenn P. Marcel, Baton Rouge, for plaintiff-appellant, Arthur Dixon Colley.
James D. Thomas, II, Baton Rouge, for defendant-appellee, Diana Lee Day Colley.
Before COVINGTON, LANIER and ALFORD, JJ.
ALFORD, Judge.
This is an appeal from a judgment of the Family Court, Parish of East Baton Rouge, maintaining custody of the minor child, Ashley Colley, with the father-appellant, Arthur Dixon Colley, subject to visitation on the part of the mother-appellee, Diana Lee Day Colley Oliva. Appellant appeals the visitation provisions of the judgment as being excessive. In answering the appeal, appellee maintains that the trial judge erred in not awarding her custody of Ashley.
At the outset, we note that the paramount consideration in child custody cases is the welfare of the child. Gulino v. Gulino, 303 So.2d 299 (La.App. 1st Cir.1974). Further, the trial judge's discretion in custody matters is entitled to great weight and should not be disturbed unless it amounts to a clear abuse of discretion. Schmidt v. Schmidt, 393 So.2d 381 (La.App. 1st Cir. 1980).
Although appellant lists some five specifications of error, he is in essence complaining that the visitation award of substantially all summer, Easter, Thanksgiving and Christmas vacations every year amounts to divided custody. We agree. The judgment complained of appears as an appendix to this opinion.
Both parties to this action had remarried by the time the subject rule for custody was heard. Appellant and his new wife and step-daughter live in Baton Rouge, while appellee and her new husband reside in New York. The judgment, as handed down, allows appellee some one hundred and ten (110) days visitation per year. More important than the quantity of days allowed is the fact that the noncustodial parent has the child for every major holiday of the year, as well as the entire summer less three weeks. Additionally, the child is four and one-half years old and will have to fly between Baton Rouge and New York eight times per year unaccompanied by an adult. We are of the opinion that this arrangement is not within the best interests of Ashley.
In Ogden v. Ogden, 220 So.2d 241 at 244 (La.App. 1st Cir.1969), we noted that, "... visitation privileges accorded the spouse not having custody should never be so extensive or liberal as to constitute a divided authority or shared control of the concerned children." In the recent case of Strong v. Trosclair, 423 So.2d 13 (La.App. 1st Cir. 1982), we found that a continuous two month summer visitation was an abuse of discretion based on the age of the minor and the distance to be traveled. In Strong, the custodial mother lived in Louisiana and the noncustodial father lived in Oklahoma, the child at the time was seven and one-half years of age. It is obvious that the distance to be traveled in this case is considerably longer, and the age of this child substantially less, than that found in Strong.
We find no merit in appellee's argument that the trial court abused its discretion in not awarding custody to her, or alternatively, awarding joint custody. The evidence in this case is clearly sufficient, given the *1143 weight accorded trial court determinations in custody cases, to sustain the trial court's determination. Additionally, appellee maintains that the trial court erred in limiting her telephone privileges, both to the Colley house and to the babysitter's house. Again, based on the evidence, we feel that the trial court acted within the bounds of discretion.
Having determined that the visitation privileges afforded appellee were excessive to point of being an abuse of discretion, we now amend the judgment in the following respects. First, appellee is awarded summer visitation beginning July 1 and ending July 31 of every year. Second, this Court feels that it is important for Ashley's future development that she spend some major holidays with each of her parents every year. Therefore, since the Christmas vacation is a two week period, and Thanksgiving and Easter one week each, it is ordered that appellee's visitation should alternate between Christmas one year, and Easter and Thanksgiving the next year. Appellant will therefore have Ashley for Thanksgiving in 1983 and appellee will have Ashley for Christmas 1983. Third, we are of the further opinion that Ashley should be accompanied by appellee, or another adult chosen by appellee, when flying to and from New York until she reaches the age of ten years old. In all other respects, the judgment of the trial court is affirmed as handed down.
AMENDED AND AFFIRMED.

APPENDIX
"IT IS ORDERED, ADJUDGED AND DECREED that the rule for custody filed by Diana Lee Day Colley is dismissed, and that judgment be and it is hereby rendered maintaining the custody of the minor child, Ashley Colley, with the father, Arthur Dixon Colley, subject to visitation on the part of Diana Lee Day Colley Oliva as follows:
A. Summer of each year, beginning one week after the minor child, Ashley Colley, completes the school year, and ending two weeks prior to the beginning of the school year in the fall;
B. Two weeks at Christmas of each year, inclusive of Christmas Day, beginning on the second day or Monday after the school Christmas vacation begins, whichever is later;
C. One week at Thanksgiving each year, inclusive of Thanksgiving Day, commencing on the second day after school vacation and ending on the Sunday after Thanksgiving Day, except that, should the school Thanksgiving vacation be less than one week, Ashley shall be returned to the domicile of her father no later than 4:00 p.m. of the day immediately preceding the day that school recommences, commencing in 1983; for 1982, Thanksgiving visitation shall be Sunday to Sunday;
D. One week during Easter of each year, exclusive of Easter Sunday, commencing on the second day of the school Easter vacation, except that, if the school Easter vacation is less than one week, then the minor child, Ashley Colley, shall be returned to the domicile of the father no later than 1:00 o'clock p.m. on the day immediately preceding Easter Sunday;
E. Any other visitation the parties may agree upon.
When Ashley travels by air, the flight must be a direct flight and preferably she will be accompanied by an adult.
On any of the holiday visitations, in any event, the minor child, Ashley Colley, is to be returned to the domicile of the father no later than 4:00 o'clock p.m. of the day immediately preceding the day that school recommences, or earlier according to available plane schedules.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that if visitation should be exercised by Diana Lee Day Colley Oliva out of town, the minor child, Ashley Colley, shall be picked up at the domicile of Arthur Dixon Colley by Diana Lee Day Colley Oliva or any other adult designated by Diana Lee Day Colley Olivia between the hours of 8:30 o'clock a.m. and 11:30 o'clock a.m. on the day visitation commences.
*1144 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Arthur Dixon Colley shall supply adequate and substantial clothing for Ashley while she is visiting with her mother.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Arthur Dixon Colley shall supply Diana Lee Day Colley Oliva with his unlisted telephone number, and Diana Lee Day Colley Oliva shall be allowed to call Ashley to speak with her twice a week, on Monday and Thursday nights, preferably between 7:00 p.m. and 8:00 p.m., except with prior agreement. Arthur Dixon Colley, his agents, employees and representatives are specifically prohibited from thwarting Diana Lee Day Colley Oliva's efforts to speak with Ashley. During the time that Ashley is visiting with her mother, Arthur Dixon Colley will have recriprocal telephone privileges.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Diana Lee Day Colley Oliva is enjoined and prohibited from calling Mrs. Lois Byrd unless an emergency situation exists.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Diana Lee Colley Oliva, her agents, employees and all other persons claiming to act on her behalf are enjoined and prohibited from administering any drugs to the minor child, Ashley Renfroe Colley, not prescribed by any physician selected by Arthur Dixon Colley, or with the consent of Arthur Dixon Colley, except in an emergency situation, but only if the said Arthur Dixon Colley cannot be consulted prior to the said drug being obtained, or administered.
IS FURTHER ORDERED, ADJUDGED AND DECREED that Diana Lee Day Colley, her agents, employees, and all other persons acting or claiming to act on her behalf, are enjoined and prohibited from having the minor, Ashley Renfroe Colley, evaluated, tested or counseled by any psychologist, psychiatrist or social worker."