479 So.2d 473 (1985)
Beryl Annette FINCH
v.
John David FINCH.
No. CA 84 0933.
Court of Appeal of Louisiana, First Circuit.
November 19, 1985.
*474 Robert L. Kleinpeter, Baton Rouge, for plaintiff-appellee Beryl Annette Finch.
Michael R. Connelly, Baton Rouge, for defendant-appellant John David Finch.
Before LOTTINGER, COLE and CRAIN, JJ.
COLE, Judge.
The primary issues in this domestic case are whether or not the appellee had lawful cause to leave the common dwelling and the reasonableness of the visitation privileges awarded.
*475 The following facts gave rise to this litigation. Beryl Annette Finch and John David Finch were married on November 26, 1970 and divorced in 1977. Two children were born of this marriage, namely: Melissa, age 13 and Katherine, age 10. The parties were remarried to each other on June 2, 1978. On February 18, 1984, Mrs. Finch and the two children left the matrimonial domicile, which at that time was in DeSoto Parish, and moved to Baker, Louisiana to live with her parents. Subsequently, Mr. Finch also moved to Baker.
On February 24, 1984, Mrs. Finch filed suit for separation based on physical and mental cruelty. Mr. Finch responded with an answer and reconventional demand requesting a separation on the grounds of abandonment.
Following trial this matter was taken under advisement. On May 10, 1984, judgment was rendered in favor of Mrs. Finch granting a separation from bed and board. Mrs. Finch was also awarded custody of the minor children of the marriage, with Mr. Finch to have visitation privileges on the second and fourth Saturday of every month from 8:00 A.M. to 7:00 P.M. Mr. Finch was also granted the privilege of contacting the children by telephone twice a week between the hours of 6:00 P.M. and 8:00 P.M. Mr. Finch was ordered to pay child support in the amount of $300.00 per month.
Mr. Finch appealed this judgment, urging the trial court erred in not granting a separation in his favor on the grounds of abandonment or, in the alternative, mutual fault, and in failing to grant him reasonable visitation privileges.
In order to establish abandonment as the basis for a legal separation the following three elements must be proven: 1) the spouse withdrew from the common dwelling, 2) without lawful cause and, 3) has constantly refused to return. La.Civ. Code art. 143; Dugas v. Dugas, 424 So.2d 1189 (La.App. 1st Cir.1982). "Lawful cause" consists of any reasons which in themselves would be sufficient grounds for a legal separation.
Mrs. Finch testified one of the reasons she left the common dwelling was because of fear for the safety of both herself and the children because of Mr. Finch's violent temper and prior acts of physical abuse.[1] Some basis for this fear was shown by the testimony of Mr. Finch's brother, who stated Mr. Finch had once made several remarks to him threatening physical harm to Mrs. Finch. He was sufficiently concerned by these threats to contact Mrs. Finch's father, who in turn contacted Mrs. Finch and informed her of these threats. However, since this incident occurred approximately two years before Mrs. Finch left, it appears probable a reconciliation took place thereafter. While this incident can not serve as the basis for a suit for separation for this reason, it may serve to establish justification for Mrs. Finch's fear. Bercier v. Bercier, 431 So.2d 31 (La.App. 1st Cir.1983).
An additional problem between the parties concerned the level of Mr. Finch's alcohol consumption. At Mrs. Finch's request, Mr. Finch agreed in September of 1983 to abstain from drinking alcohol. This was several months before she left the matrimonial domicile. However, Mrs. Finch indicated Mr. Finch then became very hostile, venting his frustration at her and the children for not being able to drink. She testified he made them suffer every day he did not drink by hollering and screaming at them.
Such a continued pattern of mental harassment, fussing and griping by one spouse directed at another may constitute cruel treatment justifying a judgment of separation. La.Civ.Code art. 138(3); Bettencourtt v. Bettencourtt, 381 So.2d 538 (La.App. 4th Cir.1980), writ denied, 383 So.2d 12 (La.1980). The trial court obviously concluded Mr. Finch was guilty of cruel treatment of this nature, giving Mrs. Finch lawful cause to leave the common dwelling.
*476 The trial court is vested with a great deal of discretion in domestic cases. Pearce v. Pearce, 348 So.2d 75 (La.1977). Its findings on the issue of fault will not be disturbed in the absence of manifest error. Pearce, supra; Kaplan v. Kaplan, 453 So.2d 1218 (La.App. 2d Cir.1984), writ denied, 458 So.2d 484 (La. 1984).
Upon review of the record, we find no manifest error in the trial court's refusal to grant Mr. Finch a separation on the grounds of abandonment. We likewise find no error in the trial court's refusal to grant a separation based on mutual fault, since there was absolutely no evidence introduced tending to show any fault on the part of Mrs. Finch.
Mr. Finch also argues the trial court erred in granting Mrs. Finch a separation based on cruel treatment because he and Mrs. Finch in September of 1983 reconciled any differences they had when he agreed to seek counseling for his drinking problem. To support his claim of forgiveness and reconciliation he notes he and Mrs. Finch had sexual relations the night before she left. Cohabitation after cruel mental treatment is usually construed as a reconciliation and condonation of the cruel treatment. Souza v. Souza, 428 So.2d 1204 (La.App. 5th Cir.1983). However, in order to support a finding of forgiveness or condonation, the overall circumstances must show a mutual intent by the parties to resume their marital relationship. Seymour v. Seymour, 423 So.2d 770 (La.App. 4th Cir. 1982). The overall circumstances in the present case indicate neither forgiveness by Mrs. Finch nor an intent by her to resume the marital relationship. Her failure to leave earlier after suffering cruel mental treatment was not due to forgiveness or condonation, but was merely a forebearance on her part until the situation became intolerable.
Lastly, Mr. Finch alleges the trial court abused its discretion by not awarding him reasonable visitation privileges. The trial court awarded Mr. Finch visitation privileges from 8:00 A.M. until 7:00 P.M. on the second and fourth Saturday of every month, as well as the right to contact the children by telephone twice a week. Mr. Finch requests his visitation privileges be increased to two weekends per month, plus additional telephone communications.[2]
The paramount consideration in determining visitation privileges for the noncustodial parent is the welfare of the child. Lasseigne v. Lasseigne, 434 So.2d 1240 (La.App. 1st Cir.1983). The trial court has great discretion in this area and its determination will not be disturbed in the absence of manifest error. Edelen v. Edelen, 457 So.2d 171 (La.App. 2d Cir.1984).
After reviewing the facts in the present case, we conclude the visitation privileges awarded by the trial court were reasonable. Due to his employment, Mr. Finch is able to visit the children only two weekends per month. The trial court granted him eleven hours of visitation privileges on each of these two weekends. It was not feasible to permit overnight visits since Mr. Finch, who is currently sharing a house with a friend, does not have adequate facilities to accommodate the children overnight. Further, since the children are of school age, it would not be practical to permit weeknight visitation. For these reasons we find no abuse of discretion in the trial court's ruling. In the future, should the best interest and welfare of the children warrant a change, Mr. Finch may seek a modification of his visitation privileges.
Costs are assessed against appellant.
AFFIRMED.
NOTES
[1] In his brief, Mr. Finch acknowledged he has previously been guilty of physically abusing Mrs. Finch, although he additionally alleges she has also been guilty of physically abusing him.
[2] Although he requested joint custody at the trial court level, Mr. Finch does not seek an award of joint custody in this appeal.