556 So.2d 930 (1990)
Terri Vercher BARBEROUSSE, Plaintiff-Appellant,
v.
Douglas Eugene BARBEROUSSE, Defendant-Appellee.
No. 88-1098.
Court of Appeals of Louisiana, Third Circuit.
February 7, 1990.
McClain & Morgan, R. Scott McClain, Lake Charles, for plaintiff-appellant.
Gahagan & Gahagan, Fred S. Gahagan, Natchitoches, for defendant-appellee.
Before DOMENGEAUX, C.J., and FORET and LABORDE, JJ.
FORET, Judge.
Terri Vercher Barberousse appeals the trial court's judgment granting to her former husband, Douglas Eugene Barberousse, visitation privileges during all three major holidays.
Terri and Douglas were divorced on June 20, 1986, by decree of the Thirty-First Judicial District Court, Parish of Jefferson Davis. The divorce judgment provides for joint custody of the two minor children born of the marriage and names Mrs. Barberousse as the custodial parent. However, the divorce judgment makes no provision for visitation privileges other than to say that the father shall be allowed visitation privileges "at reasonable times and places." On February 12, 1988, Mrs. Barberousse filed a rule seeking an increase in child support payments and further requesting that the court establish a set visitation schedule. After hearing the evidence, the trial court granted visitation privileges to Mr. Barberousse for one weekend per month, as well as six weeks during summer vacation. He also granted to Mr. Barberousse visitation privileges from 6:00 P.M. on the last school day preceding the Thanksgiving and Easter holidays until 6:00 P.M. of the last day of school vacation during said holidays. With regard to Christmas, the trial court granted to Mr. Barberousse visitation privileges beginning 8:00 P.M. on Christmas Eve and ending at 6:00 P.M. on the last day of Christmas vacation.
*931 In her appeal, Mrs. Barberousse contends that the trial court abused its much discretion in awarding to Mr. Barberousse visitation privileges for all three major holidays. With this contention, we agree.
The paramount consideration in setting visitation privileges for the non-custodial parent is the best interest or welfare of the child or children. Finch v. Finch, 479 So.2d 473 (La.App. 1 Cir.1985); Duplantis v. Monteaux, 412 So.2d 215 (La.App. 3 Cir. 1982). In Colley v. Colley, 435 So.2d 1141 (La.App. 1 Cir.1983), writ denied, 441 So.2d 751 (La.1983), the court reversed the trial court's judgment granting to the non-custodial parent, among other things, visitation privileges for Christmas, Easter, and Thanksgiving of each year. In so doing, the court noted that it was important to the child's future development that she spend some major holidays with each parent every year. While each case must surely be judged on its own facts, we find this to be true in the instant case. Accordingly, we hold that the trial court abused its much discretion in granting to Mr. Barberousse visitation privileges for all three major holidays.
In view of the above, the trial court's judgment awarding to Mr. Barberousse yearly visitation privileges for Christmas, Easter, and Thanksgiving is hereby reversed. The judgment of the trial court is recast, in pertinent part, as follows:
IT IS ORDERED, ADJUDGED AND DECREED that during the even numbered years, beginning in 1990, DOUGLAS EUGENE BARBEROUSSE shall have the physical custody of the minor children, Casey Marie Barberousse and Amy Lynn Barberousse, beginning at 6:00 P.M. on the last school day preceding the Easter and Thanksgiving school holidays, and ending at 6:00 P.M. on the last day of the Easter or Thanksgiving school holidays, whichever the case may be. During the odd numbered years, beginning in 1991, DOUGLAS EUGENE BARBEROUSSE is granted visitation privileges beginning at 8:00 P.M. on Christmas Eve and ending at 6:00 P.M. on the last day of the Christmas school vacation.
All costs of this appeal and in the trial court are to be paid by defendant-appellee, DOUGLAS EUGENE BARBEROUSSE.
REVERSED AND RENDERED.