660 So.2d 152 (1995)
Kris Lana Carter DUVALLE, Plaintiff-Appellant,
v.
Reginald A. DUVALLE, Defendant-Appellee.
No. 27,271-CA.
Court of Appeal of Louisiana, Second Circuit.
August 23, 1995.
*153 R. Wayne Smith, Ruston, for appellant.
Bobby L. Culpepper, Ruston, for appellee.
Before MARVIN, BROWN and WILLIAMS, JJ.
WILLIAMS, Judge.
The plaintiff, Reginald A. Duvalle, appeals from a trial court judgment denying his request for modification of joint custody and maintaining his former wife, Kris Lana Carter *154 Duvalle, as domiciliary custodian of their two minor children. For the reasons assigned below, we affirm the judgment, but remand to the trial court for the formulation and implementation of a joint custody plan between the parties.

FACTS
The parties were married in June 1986, in Indianapolis, Indiana. On May 28, 1993, Mrs. Duvalle was granted an uncontested divorce. The divorce judgment granted the parties joint custody of their two minor children, Lauryn and Reginald, ages six and one, respectively. Mrs. Duvalle was designated as the primary domiciliary parent, subject to Mr. Duvalle's right to reasonable visitation. Because Mr. Duvalle was unemployed, the judgment made no mention of child support.
On August 10, 1994, the final day of a four-month visitation period with Reginald, Mr. Duvalle filed the instant rule which he entitled "Petition for Modification of Custody." He alleged that the circumstances had changed substantially since the original 1993 custody decree, and sought to be designated as the primary domiciliary parent of both children. He also sought an immediate order awarding him the temporary custody of Reginald. Mrs. Duvalle answered the petition, seeking the return of Reginald, child support payments, and a specific visitation schedule.
The parties and their children had been living in Grambling, Louisiana, at the residence of Mrs. Duvalle's parents, Dr. and Mrs. Carter, since December 1991. Lauryn had also lived with her maternal grandparents between March 1989, and March 1990, while Mr. Duvalle was on a tour of duty in Cairo, Egypt, and Mrs. Duvalle was completing graduate studies in South Carolina.
After the parties separated, Mrs. Duvalle retained physical custody of the children and continued living with her parents. Mr. Duvalle remained in Grambling and completed a graduate degree program.
After the divorce, in the summer of 1993, the Carters left Grambling and moved to Marshall, Texas. Mrs. Duvalle and the children remained in Grambling and continued living in the same house. However, because Mrs. Duvalle's career required her to travel frequently, Lauryn, without objection from Mr. Duvalle, temporarily moved to Marshall in August 1993, to live with the Carters for the 1993-1994 school year. Both parties felt that Lauryn's move to Marshall was in her best interest. Lauryn adjusted well and maintained above-average grades in school.
In October 1993, Mr. Duvalle moved back to his hometown of Indianapolis, Indiana. He moved in with his parents in a two-bedroom apartment. He found a job at a small business development center and began his career as an international business and trade consultant. At the time of the hearing, he was earning approximately $2,400 per month.
During the 1993-1994 school year, Mrs. Duvalle visited Lauryn almost every weekend, unless she had to be away on business. Her weekend visits usually lasted from Friday to Sunday. Occasionally, she stayed until Monday morning to take Lauryn to school and talk with her teachers. Sometimes Mrs. Duvalle visited Lauryn during the middle of the week, and they talked to each other frequently on the telephone. Mrs. Duvalle also had extended visits with Lauryn during holidays.
Mr. Duvalle never visited Lauryn in Marshall. Between August 1993 and August 1994, he talked to her on the telephone approximately twelve times and wrote her a few letters. In the summer of 1993, while both he and Lauryn were still living in Grambling, they spent approximately two and one-half weeks together. After that, Lauryn saw Mr. Duvalle for one afternoon in the spring of 1994 when the parties met to return Reginald after a period of visitation. During the summer of 1994, Lauryn visited Mr. Duvalle in Indiana for a five-week period.
Reginald, on the other hand, spent a considerable amount of time with Mr. Duvalle. Reginald's first visit in Indiana occurred between mid-October 1993, and mid-December 1993. His second visit in Indiana began in early February 1994, and lasted until mid-March 1994. Soon after the Easter holiday in April 1994, Reginald went back to *155 Indiana and remained there throughout this proceeding.
While in Indiana, Reginald lived in the two-bedroom apartment with his father and paternal grandparents. He slept in one of the bedrooms, and Mr. Duvalle slept on a sofa. During one visit in Indiana, Reginald was hospitalized for four days for pneumonia. Mrs. Duvalle's insurance plan paid for most of Reginald's medical care and she paid the deductible amount.
In July 1994, Mrs. Duvalle resigned her job and accepted a position in Memphis, Tennessee. Her decision to accept the job in Memphis was based on both her desire for the children to be closer to Mr. Duvalle and a salary increase. Although, at the time of the hearing, Mrs. Duvalle was still living in Grambling, and had not yet relocated to Memphis, she testified that she will earn $34,000 at her new job.
After the hearing, the trial court rendered judgment rejecting Mr. Duvalle's demands and maintaining the original joint custody arrangement. The trial court ordered Mr. Duvalle to return Reginald to Mrs. Duvalle and to pay $517 per month in child support. The trial court further granted Mr. Duvalle visitation of three weeks during the summer and alternate major holidays consisting of Labor Day, Thanksgiving, Christmas Day, New Year's Day, Easter, Memorial Day and any spring break. From that judgment, Mr. Duvalle appeals.

DISCUSSION

Burden of Proof
In his first assignment of error, Mr. Duvalle alleges the trial court erred in that it inappropriately applied the heavy Bergeron rule to the facts of this case. He contends this case does not involve a considered decree and, therefore, he only had to prove that the circumstances had changed and that his proposed custody arrangement was in the best interest of the children.
In Bergeron v. Bergeron, 492 So.2d 1193 (La.1986), the supreme court stated that in a case involving a modification of a considered decree of permanent custody, the burden of proof for the petitioning party is to show that the continuation of the present custody is so deleterious to the child so as to justify the modification, or that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. Id. at 1200. However, in a custody case, where no considered decree has been rendered, the burden of proof enunciated in Bergeron does not apply. Odom v. Odom, 606 So.2d 862, 865 (La.App. 2d Cir.), writ denied, 608 So.2d 153 (La. 1992). The petitioning party is only required to prove that a material change in circumstances occurred since the original decree and that the modification which he proposed is in the best interest of the child. Barnes v. Cason, 25,808 (La.App. 2d Cir. 05/04/94), 637 So.2d 607, 611, writ denied, 94-1325 (La. 09/02/94), 643 So.2d 149; Pulley v. Pulley, 587 So.2d 116, 119 (La.App. 2d Cir.1991).
As noted, the original custody decree in this case was rendered in an uncontested divorce action. The court minutes reflect that Mrs. Duvalle was the only party present when the decree was rendered. Thus, since the original joint custody decree was not a "considered decree," plaintiff need only show a material change in circumstances since the original decree and that the modification sought is in the best interest of the child. Barnes v. Cason, supra; Pulley, supra. However, after reviewing the record, we conclude that the trial court applied the correct burden of proof that is applicable in this case; the record does not reflect that the trial court held Mr. Duvalle to the heavy burden proof which is applicable in cases involving considered decrees. Consequently, the language used by the court during its oral reasons for judgment has no practical effect on the outcome of this appeal. This assignment of error lacks merit.

Best Interest of the Children
Mr. Duvalle's remaining assignments of error relate to the trial court's findings that it would be in the best interest of the children to live primarily with their mother. In assignments of error numbers two and three, Mr. Duvalle contends the trial court made several erroneous factual findings when determining *156 that he failed to prove that the proposed custody arrangement was in the best interest of the children. In particular, Mr. Duvalle contends the trial court erred in finding that his fourteen-year-old nephew was also living in Mr. Duvalle's apartment and in stating that Reginald had to sleep on a couch when residing in his paternal home.
The trial court found that, due to the inferior living conditions provided by Mr. Duvalle, it would be better for the children to reside primarily with Mrs. Duvalle. In commenting on the living arrangements provided by Mr. Duvalle, the trial court stated:
[Mr. Duvalle] lives in Indiana with his parents and there is another child, I believe, living in that residence which had two bedrooms. [Mr. Duvalle] testified that he slept on a couch. [When both Reginald and Lauryn stay with Mr. Duvalle, they] will have to either sleep on the floor or chairs or some other method.
The trial court specifically found that Mr. Duvalle was sleeping on the couch when Reginald was residing there. Assignment of error number two lacks merit.
Regarding Mr. Duvalle's nephew living in the apartment, we find the evidence presented supports the trial court's belief that at the time of the filing of the petition, the nephew was living in the apartment. On cross-examination, when Mr. Duvalle was asked who lived in the apartment, he testified that he, his parents and Reginald were the only people living there. However, when specifically asked whether his fourteen-year-old nephew lived with him, Mr. Duvalle responded, "[the child] is living now with his mother." While there is no evidence in the record that any other children are presently living with Mr. Duvalle, we agree with the trial court's finding that the living conditions provided by Mr. Duvalle were inadequate. The fact that Mr. Duvalle has to sleep on a couch suggests that there is inadequate space where he lives. Thus, regardless of whether another child lived with Mr. Duvalle at the time of trial, the trial court's finding regarding the living conditions is not manifestly erroneous. Assignment of error number three lacks merit.
Next, Mr. Duvalle contends the trial court erred in determining the children's best interest because it considered the effect of the children being separated from each other. Asserting that the children had not lived together in over a year, Mr. Duvalle insinuates that the effect of keeping the children apart is negligible and that the trial court should not have been concerned about separating them.
"The separation of children of a family, though sometimes necessary, is a custodial disposition that courts seek to avoid. Normally, the welfare of these children is best served by leaving them together, so they can have the full benefit of companionship and affection. When feasible, a court should shape its orders to maintain family solidarity." Lee v. Davis, 579 So.2d 1130, 1132 (La.App. 2d Cir.1991).
In the present case, although the children have lived apart at times in the past year, they have maintained a periodic presence in each other's lives. Based on this record, we do not find that the trial court erred in considering the affect that a split custody arrangement would have on the children. This assignment of error lacks merit.
We note that both parties appear to be equally fit parents, and neither party claims the other is unfit. However, when determining the best interest of the child, a number of factors must be considered. LSA-C.C. Art. 134. There must be a weighing and balancing of factors favoring or opposing custody in respective competing parents on the basis of the evidence presented. Windham v. Windham, 616 So.2d 276 (La. App. 2d Cir.), writ denied, 620 So.2d 875 (La.1993). "A trial court's award of custody is entitled to great weight and will not be overturned on appeal unless an abuse of discretion is clearly shown." Barnes v. Cason, supra at 611. In determining the best interest of the child for purposes of awarding custody, one of the most important factors to consider is which parent will be the most willing to facilitate and encourage a close and continuing relationship between the children and the other parent. Odom v. Odom, supra at 868; LSA-C.C. Art. 134(10).
*157 The record indicates that despite Mr. Duvalle's enjoyment of regular and liberal visitation with Reginald, Mr. Duvalle refused to return the child after visitation, filed the instant proceeding, obtained a temporary custody order and, thereby, interfered with Mrs. Duvalle's custodial rights. Mrs. Duvalle, on the other hand, has afforded Mr. Duvalle generous visitation with Reginald and has even considered the fact that the children would be closer to their father when she relocates to Memphis, Tennessee. We conclude that Mrs. Duvalle is the parent more willing to facilitate and encourage a close and continuing relationship between the children and the other parent.
Another important factor to be considered when determining the best interest of children for purposes of awarding custody is stability or permanence, as a family unit, of the custodial home. LSA-C.C. Art. 134(5). Here, Lauryn has established a close emotional bond with her maternal grandparents and with her mother. Mrs. Duvalle is more likely to keep the bond between Lauryn, the grandparents, and Mr. Duvalle intact. As far as separating Reginald from his established family unit, we note that he has spent a considerable amount of time bonding with both parents. Further, Reginald was young, two years old at the time of the hearing on this rule, and a transition between family units will not be extremely complicated for him. See Connelly v. Connelly, 94-0527 (La.App. 1st Cir. 10/07/94), 644 So.2d 789, 794.
The evidence presented also shows that the children have a closer relationship with Mrs. Duvalle and that Lauryn prefers to live with Mrs. Duvalle and her younger brother. Maintaining family solidarity so the children can have the full benefit of each other's companionship and affection is an important factor to consider when determining the best interest of the children for purposes of awarding custody.
Based on our review of the record, we conclude the trial court did not abuse its discretion in maintaining the original joint custody award which designated Mrs. Duvalle as the primary domiciliary parent of the children. This assignment of error lacks merit.

Visitation Privileges
In brief, Mr. Duvalle has requested that this court amend the judgment so as to award him more liberal visitation privileges. He argues the judgment does not reflect the specific visitation privileges the parties agreed upon at the time of the divorce. He further argues that the judgment limits visitation for the Christmas holidays to Christmas Day only.
As with custody disputes, the paramount consideration in the setting of visitation privileges for the non-custodial parent is the best interest or welfare of the children. Barberousse v. Barberousse, 556 So.2d 930 (La.App. 3d Cir.1990). The trial court has great discretion in this area and its determination will not be disturbed in the absence of manifest error. Edelen v. Edelen, 457 So.2d 171 (La.App. 2d Cir.1984); Finch v. Finch, 479 So.2d 473, 476 (La.App. 1st Cir. 1985).
We conclude the visitation privileges awarded by the trial court were not an abuse of its discretion. The children are young and must travel a great distance to visit the non-custodial parent. See Colley v. Colley, 435 So.2d 1141 (La.App. 1st Cir.), writ denied, 441 So.2d 751 (La.1983); Strong v. Trosclair, 423 So.2d 13 (La.App. 1st Cir.1982). Further, Mr. Duvalle's current living arrangements are somewhat inadequate and an extended summer visitation would not be in the best interest of the children. For these reasons, we find no abuse of discretion in the trial court's ruling.
However, LSA-R.S. 9:335 requires the trial court to render a joint custody implementation order, except for good cause shown, allocating the legal authority and responsibility of the parents and the time periods during which each parent shall have physical custody of the child. In this case, the record does not contain the requisite joint custody implementation order.[1] Accordingly, *158 we remand to the trial court for the establishment of a joint custody plan.

CONCLUSION
We conclude that the trial court did not abuse its discretion in maintaining Mrs. Duvalle as domiciliary parent of the minor children. Accordingly, the judgment is affirmed and the case is remanded to the trial court for the establishment of a joint custody plan. Costs are assessed to the appellant, Reginald A. Duvalle.
AFFIRMED AND REMANDED.
NOTES
[1] We note that there is a slight variance between the oral reasons for judgment and the signed judgment regarding the number of days which shall comprise holiday visitations. Based on the distance between the parties, we assume that the trial court intended for holiday visitations to comprise more than one day. However, since we are remanding this matter, the trial court can clarify this issue by formulating and implementing a joint custody plan.