# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 11-460

MELISSA ALSTON PORTER

VERSUS

JEFF D. PORTER

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 238,690, DIVISION "G"
HONORABLE HARRY RANDOW, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of John D. Saunders, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED.**

**Angelo J. Piazza, III
Post Office Box 429
Marksville, Louisiana 71351
(318) 253-6423
Counsel for Defendant/Appellant:
     Jeff D. Porter**

**Michael H. Davis
2017 MacArthur Drive
Building 4, Suite "A"
Alexandria, Louisiana  71301
(318) 445-3621
Counsel for Plaintiff/Appellee:
     Melissa Alston Porter**

**GENOVESE, Judge.**

In this domestic case, the trial court awarded the parents joint custody of their two children and designated the mother as the domiciliary parent. The father has appealed that portion of the judgment designating the mother as the domiciliary parent of their two children. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Jeff D. Porter (Jeff) and Melissa Alston Porter (Melissa) entered into a covenant marriage on April 21, 2001, and physically separated on May 21, 2010. On June 9, 2010, Melissa filed a Petition for Separation from Bed and Board in a Covenant Marriage seeking, along with other relief, joint custody of the two children born during the marriage, Madison Brook Porter (born October 22, 2001) and John Scott Porter (born August 10, 2006), with her being named the domiciliary parent and with Jeff having reasonable visitation privileges. Jeff responded to the petition with a reconventional demand on June 24, 2010, wherein he sought, along with other relief, to have the trial court award the couple shared custody of the children. On August 5, 2010, Jeff filed an Amending and Supplemental Petition asserting that "it is in the children's best interest that he be designated as primary custodian[.]"

Following a two-day hearing, the trial court rendered judgment on several issues, including custody. In its judgment, the trial court awarded joint custody of the children to Jeff and Melissa but named Melissa as the domiciliary parent. From this judgment, Jeff appeals, asserting the following assignment of error.

## ASSIGNMENT OF ERROR

Jeff asserts that "[t]he trial court erred by not granting primary custody to [him] and/or alternatively 50/50 shared custody in contravention of the established and existing 50/50 arrangement of custody."

## LAW AND DISCUSSION

An appellate court cannot set aside a trial court's findings of fact in the absence of manifest error or unless those findings are clearly wrong. *Rosell v. ESCO*, 549 So.2d 840 (La.1989). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse those findings even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id.* Each child custody case must be reviewed in light of its own particular set of facts and circumstances with the paramount goal of reaching a decision that is in the best interest of the child. *Barberousse v. Barberousse*, 556 So.2d 930 (La.App. 3 Cir. 1990). The best interest evaluation is fact-intensive and requires the weighing and balancing of factors favoring or opposing custody of the competing parties on the basis of the evidence presented in each case. *Romanowski v. Romanowski*, 03-124 (La.App. 1 Cir. 2/23/04), 873 So.2d 656. The trial court is vested with broad discretion in deciding child custody cases, and its decision will not be disturbed absent a clear abuse of discretion. *Bagents v. Bagents*, 419 So.2d 460 (La.1982); *Stevens v. Stephens*, 02-402 (La.App. 1 Cir. 6/21/02), 822 So.2d 770. However, as recognized by our supreme court, "[a]n award of custody is not a tool to regulate human behavior." *Everett v. Everett*, 433 So.2d 705, 708 (La.1983). In this case, we find no manifest error in the trial court's factual findings, nor do we find the trial court abused its discretion in effectuating its joint custody judgment wherein Melissa was designated as the domiciliary parent.

Louisiana Civil Code Article 131 provides that "[i]n a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child." In its Written Reasons for Judgment, the trial court properly cited the law to be applied in considering a child custody dispute. The

2

trial court was making an initial determination of child custody pursuant to La.Civ.Code art. 132, which provides:

> If the parents agree who is to have custody, the court shall award custody in accordance with their agreement unless the best interest of the child requires a different award.
>
> In the absence of agreement, or if the agreement is not in the best interest of the child, the court shall award custody to the parents jointly; however, if custody in one parent is shown by clear and convincing evidence to serve the best interest of the child, the court shall award custody to the parent.

Thus, La.Civ.Code art. 132 establishes a presumption of joint custody of the children. Louisiana Revised Statutes 9:335(B)(1) provides that "[i]n a decree of joint custody the court shall designate a domiciliary parent except when there is an implementation order to the contrary or for good cause shown." On review, we find that the record supports the trial court's award of joint custody with Melissa being designated as the domiciliary parent.

In designating the domiciliary parent for purposes of a joint custody determination, consideration must be given to the statutory factors set forth in La.Civ.Code art. 134 in order to determine what is in the best interest of the children. The factors of La.Civ.Code art. 134 to be considered are as follows:

> (1) The love, affection, and other emotional ties between each party and the child.
>
> (2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
>
> (3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
>
> (4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of the environment.

3

(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(6) The moral fitness of each party, insofar as it affects the welfare of the child.

(7) The mental and physical health of each party.

(8) The home, school, and community history of the child.

(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.

(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.

(11) The distance between the respective residences of the parties.

(12) The responsibility for the care and rearing of the child previously exercised by each party.

In considering those factors, the trial court stated in its Written Reasons for Judgment that neither party was favored as to factors (1), (4), (5), (7), (8), (10), and (11); however, the trial court did find that factors (2), (3), (6), and (12) weighed in favor of Melissa. No weight was given by the trial court to factor (9). While Jeff alleged at trial and again on appeal that Melissa's decision to end the marriage was a result of her extra-marital relationships which he contends have adversely affected the children, the trial court found no evidence substantiating these allegations. Instead, the trial court did find that Jeff exhibited behavior which could adversely affect the children. In regards to factor (6), the trial court stated:

As to the moral fitness of [Jeff], he admitted to watching pornography. He also testified as to a particular incident when Madison inadvertently viewed the pornographic material that he was watching.

As for [Melissa's] moral fitness, [Jeff] alleges that [Melissa] has a background of pre-marital affairs and has "interloped into an alternative lifestyle of gay lesbians[.]"

4

> [Melissa] admitted that she has lesbian friends, but there was no evidence that [her] association with these friends had any detrimental effect on the children. In fact, [Melissa] testified that the children have not been exposed to these friends or their lifestyle. Further, the court does not find any credible evidence that [Melissa's] alleged adulterous behavior had any detrimental effect on the children.
>
> Both parents admitted that they drink alcohol occasionally, but they do not do so around the children.
>
> While the [c]ourt is not of the opinion that either parent is without error, [Melissa's] moral fitness does not appear to have any detrimental effect on the children. Thus, this factor weighs in favor of [Melissa].

Based on our thorough review of the record, we find no manifest error in the trial court's factual determinations. Applying the trial court's factual findings to the factors set out in La.Civ.Code art. 134, we agree with the trial court that the factors weigh in favor of Melissa.

We acknowledge Jeff's assertion that La.R.S. 9:335(A)(2)(b) provides that to the extent it is feasible and in the best interest of the children, physical custody of the children should be shared equally between the parties. Jeff contends that the trial court erred in not awarding shared custody since the parties had voluntarily followed an equal custody arrangement since their physical separation in May of 2010; however, we note that the parties physically separated immediately after the school year ended. Further, Melissa did not consent to a continuation of this arrangement, particularly with the structure and schedule the children were accustomed to during the school year. The trial court, likewise, did not consider such an arrangement feasible and in the best interest of the children. Therefore, we find Jeff's argument lacks merit.

Considering the evidence in the record, we find that the trial court did not abuse its discretion in designating Melissa as the domiciliary parent of the two

children. Accordingly, we conclude that the trial court did not manifestly err or abuse its discretion in finding that it was in the best interest of the children to grant Jeff and Melissa joint custody with the designation of Melissa as the domiciliary parent, subject to the specific visitation privileges in favor of Jeff.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed in all respects. The costs of this appeal are assessed to Defendant/Appellant, Jeff D. Porter.

**AFFIRMED.**