CHIASSON, Judge.
This is a suit for custody of a male child nine years of age born of the marriage between Robert Barrilleaux, plaintiff-ap-pellee, and Florence Hinkson Barrilleaux, defendant-appellant. The parties are now legally divorced.
On November 14, 1977, Robert filed a rule for permanent custody of the child, Robert Clay Barrilleaux. Florence opposed the rule and prayed that permanent custody of the child be granted to her.
On February 13, 1978, the trial court granted to Robert the temporary custody of the child. In that judgment the trial court ordered the Division of Family Services of the Department of Health and Human Resources to make an investigation of the mother’s and father’s home environment for the purpose of advising the court as to the child’s welfare.
On August 14, 1978, another hearing on the rule for permanent custody was heard. On September 21, 1978, a judgment was signed granting temporary custody to Robert. Florence appeals that judgment.
In all, there have been three judgments granting temporary custody of the child to Robert without prejudice to defendant to seek the permanent custody of the minor. We note that the final order granting temporary custody of the child to Robert Bar-rilleaux was given after a divorce had been granted to Robert.
We find that the trial court should have made an award of permanent custody of Robert Clay Barrilleaux to one of his parents. The trial court held two hearings where testimony was taken only as to the subject of permanent custody, December 2, 1977 and August 14, 1978. We find the evidence from these two hearings provided sufficient information on which the trial court could have based an award of permanent custody. Because there is no pending litigation as to the divorce of the parents and because only permanent custody of the child has been sought by both parents, we can find no reason why an award of permanent custody should not be made in accordance with the mandatory provisions of La. C.C. art. 157.
For these reasons we remand the case to the trial court to make a determination of the permanent custody of Robert Clay Bar-rilleaux based on the evidence presented at the two prior hearings on custody and any other evidence which the trial judge may order. Costs of this appeal are divided equally between the parties.
REMANDED.