409 So.2d 1288 (1982)
Theresa Pantalion PRIMM, Plaintiff-Appellee,
v.
Mark Steven PRIMM, Defendant-Appellant.
No. 14752.
Court of Appeal of Louisiana, Second Circuit.
January 25, 1982.
*1289 Sockrider & Bolin by H. F. Sockrider, Jr., Shreveport, for defendant-appellant.
Roland V. McKneely, Jr., Bossier City, for plaintiff-appellee.
Before MARVIN, JASPER E. JONES and FRED W. JONES, Jr., JJ.
MARVIN, Judge.
The father appeals that part of a divorce judgment which awarded custody of the two children of the marriage to the mother who obtained the divorce on the grounds of a one-year separation.
The litigants agree that CC 157 is the applicable law, notwithstanding that the trial court apparently applied CC 146 and awarded provisional custody to the mother for a period of nine months.[1]Barrilleaux v. Barrilleaux, 381 So.2d 518 (La. App. 1st Cir. 1979).
Civil Code Art. 146 effectively provides that pending a decision in a separation or divorce action, provisional custody of children shall be awarded to either parent. CC 157 mandates that in all cases (judgments) of separation or divorce, the permanent custody of children shall be granted to either parent. Both articles direct that custody is to be awarded in accord with the best interest of the children.[2]
Expert and lay testimony revealed many shortcomings of both parents and the trial court observed "... that we cannot say that either party is much better qualified to take care of these children than the other." In determining "... who will best take care of these children", the trial court said that it weighed very thoroughly the expert testimony in awarding provisional custody to the mother. Because the best-interest standard is to be applied in determining permanent as well as provisional custody, we shall accept the trial court's weighing of the testimony in the light most favorable to upholding the judgment in accord with that standard. See Ford Motor Credit Co. v. Diffey, 378 So.2d 1032 (La. App. 2d Cir. 1979).
Where a divorce is granted, that custody should be permanent, not in the sense that it cannot be later modified because of a change in circumstances, but because permanent custody is mandated in all cases of separation or divorce by the clear language of CC 157. Barrilleaux, supra. The trial court that awards permanent custody remains a court of proper jurisdiction and venue to later change custody when the circumstances of the parties have changed. Sims v. Sims, 388 So.2d 428 (La.App. 2d Cir. 1980).
A trial court may condition the award of permanent custody where the circumstances reasonably warrant. See Lloyd *1290 v. Lloyd, 313 So.2d 854 (La.App. 2d Cir. 1975). One of the conditions here imposed was that the mother should not have the children with her at any time when she and her male friend, S.M., visit each other. The trial court had the discretion to accept or reject the testimony of S.M.'s ex-wife about S.M.'s unsavory actions in the presence of his own son. We find that the imposition of that condition upon the award of custody was not error.
The trial court directed the Louisiana Department of Health and Human Resources to investigate the children's circumstances for nine months and to notify the court at any time if any action needed to be taken with respect to the children. See Art. 25 CJP, LRS 14:403. We pretermit considering whether or not information revealed to the court by DHHR can be revealed by the court to the father. See CJP Arts. 124, 125. Caddo Parish has a juvenile court distinct from the Caddo Parish District Court and we pretermit considering what, if any, jurisdictional authority remains with a judge of the district court to direct the DHHR activities outside of the juvenile statutes or LRS 14:403. We see no real error in the trial court's expressing a continued concern in the welfare of children whose custody is or has been at issue. It is a universally recognized proposition that the State and its courts are always concerned with the welfare of children. Wood v. Beard, 290 So.2d 675, 677 (La.1974).
These children are two boys who were ages six and two when the divorce was granted. Their parents married while teenagers and lived together about five years. Before the separation, this family lived in a mobile home on the 12½ acre homestead of the maternal grandparents. After the separation, the mother and the children have lived in the home of these grandparents on the same property. The mother has had the same employer for four years and has a good work record. The children stay with a baby sitter while their mother works. The grandparents also sit with the children. The mother and the children have regularly attended church before and after the separation. A psychological expert who said that the mother was emotionally immature and of low average IQ, was of the opinion that she could adequately function as the mother-custodian of the children, whom she has primarily attended since their birth.
The father now works regularly and has become active in his church and, according to a clinical social worker, is fit for custody. Mr. Primm's psychological tests revealed some relatively serious problems of depression and impulsiveness.
Neither parent is perfect, but the best interest of these young children will be served by maintaining their "permanent" custody with their mother in the same environment they have known since birth. Stability of environment is one factor which may be considered in applying the best interest standard. See Languirand v. Languirand, 350 So.2d 973 (La.App. 2d Cir. 1977), writ denied.
The judgment appealed is amended to change the custody awarded to the mother from provisional custody for a period of nine months to permanent custody, and, as amended, and in all other respects, at appellant's cost, the judgment is AFFIRMED.
NOTES
[1] The judgment reads in part:

"... that the provisional custody of the minor children, ... is hereby awarded unto [the mother] for the next nine months, at which time the proceeding shall be brought back into this Court for further determination, subject to the following conditions:
"(a) The Louisiana Department of Health and Human Resources is to investigate the surroundings and circumstances in which these children find themselves, during the next nine months, including, but not limited to, surprise visitations of their above at any time, to determine their circumstances and to notify the court at any time in their opinion that any action should be taken for or on behalf of the children's protection;
"(b) [The mother] must never be found to have these children in the presence of [S.M.]"
* * *"
[2] CC 146 reads:

"If there are children of the marriage, whose provisional keeping is claimed by both husband and wife, the suit being yet pending and undecided, it shall be granted to the husband or wife, in accordance with the best interest of the children. In all cases, the court shall inquire into the fitness of both the mother and the father and shall award custody to the parent the court finds will in all respects be in accordance with the best interest of the child or children...." (Emphasis supplied.)
CC 157 reads, in part:
"A. In all cases of separation and divorce, and changes of custody after an original award, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children, without any preference being given on the basis of the sex of the parent ..." (Emphasis supplied.)