SAMUEL, Judge.
This is an appeal by the father from a judgment which dismisses his rule for permanent custody and awards his former wife continued temporary custody of the two children born of the marriage, a girl and a boy, ages 8 and 5, respectively.[1] The judgment also specifies visitation rights and orders the parties, together with their present respective spouses, to return to court for a further hearing at a later date to review the progress made. The “progress” referred to was concerned with court orders to the spouses to attempt, within their financial means, to improve their living conditions, and to get acquainted with their children.[2] It was also concerned with the *290 future condition of the parties and the children.
The father filed his brief in this court on November 10, 1981. The mother has not made an appearance. The record originally lodged in this court contains the pleadings, exhibits and testimony only of the July 20 and 21, 1981 hearings which resulted in the judgment appealed from.
Ex proprio motu, we made further inquiry to determine if the trial court had held the additional hearing specified in the July judgment. We have found that on November 24, 1981 such a hearing did take place. Following that hearing, on December 4, 1981 judgment was signed maintaining the father’s rule to the extent of granting him the temporary care, custody and control of the children, thus reversing the judgment appealed from.
Thus, it is clear that the December judgment superseded and set aside the July, 1981 judgment here appealed from and, as the July judgment is the only judgment before us, this appeal is moot. Ordinarily, we would simply and only dismiss the appeal as moot. However, because this is a custody matter, we prefer to call the trial court’s attention to Civil Code Article 157. In pertinent part that article reads:
“A. In all cases of separation and divorce, and changes of custody after an original award, permanent custody of the child or children shall be granted to the husband or the wife, in accordance with the best interest of the child or children, without any preference being given on the basis of the sex of the parent.” LSA-C.C. Art. 157. (Emphasis ours).
Article 157 mandates that in a change of custody after an original award, permanent custody must be given in accordance with the best interest of the child or children. As the award of custody to the father in the December judgment was at least the third award of custody, that award should have been one of permanent custody.[3] Accordingly, we remand the matter to the trial court for the purpose of awarding permanent custody to the appellant if, in the opinion of the trial judge, such an award would be proper.
For the reasons assigned, this appeal is dismissed as moot and the matter is remanded to the trial court for the purpose of making a determination of the permanent custody of the children involved based on the evidence presented at the prior custody hearings and any other evidence he may consider necessary. Costs of this appeal are to be divided equally between the parties. All other costs are to await a final determination.
APPEAL DISMISSED; MATTER REMANDED.

. The judgment was rendered July 21, 1981 and signed July 29.

. The father scarcely knew the children because the mother had placed the girl with her uncle and aunt in Lafayette, Louisiana for several years, and the boy with other relatives in West Virginia.

. See Barrilleaux v. Barrilleaux, La.App., 381 So.2d 518.