449 So.2d 626 (1984)
William M. HATCHETT
v.
Margarita HATCHETT.
No. 83 CA 1165.
Court of Appeal of Louisiana, First Circuit.
April 3, 1984.
Rehearing Denied May 21, 1984.
*627 William H. Cooper, Baton Rouge, for plaintiff-appellee.
Frederick A. Duhy, Jr., Baton Rouge, for defendant-appellant.
Before PONDER, WATKINS and CARTER, JJ.
WATKINS, Judge.
This is a child custody case. The parents stipulated to joint custody but were unable to agree on a plan of implementation. After a hearing, the trial court ordered joint custody in accordance with a plan of implementation submitted by the father. From this judgment, the mother appeals.
FACTS:
William and Margarita Hatchett were divorced by judgment on July 29, 1982. The judgment of divorce continued in effect the custody portion of the judgment of separation which awarded custody of the two minor children of the marriage, James Eric and Jason Michael (now five and six years of age) to Mrs. Hatchett subject to visitation by Mr. Hatchett.
On February 4, 1983, Mr. Hatchett filed a petition seeking joint custody of the children. Shortly thereafter, Mr. and Mrs. Hatchett submitted a stipulation in which they agreed to joint custody. Pursuant to the stipulation, the trial court ordered the parties to submit a plan of implementation for joint custody through the Family Counseling Service and further ordered that if the parties were unable to agree on a plan of implementation a hearing would be held after which the court would determine the plan. The order further provided that the children were not to be removed from the state without the consent of the court or agreement of the parties in writing.
On April 27, 1983, Mr. Hatchett filed an ex parte motion requesting provisional custody of the children. Attached to the motion was an affidavit of Mr. Hatchett alleging that Mrs. Hatchett intended to remove the children from the state. The court ordered that the children be placed in the custody of Mr. Hatchett and set a hearing on May 5, 1983. On the date set for the hearing, the matter was passed over by joint stipulation of counsel.
The parties were unable to agree on a plan of implementation of joint custody and each submitted a plan to the trial court. The court ordered a hearing which was held on June 1, 1983. After the hearing, the court ordered joint custody in accordance with the plan submitted by Mr. Hatchett. In addition, the court ordered that Mrs. Hatchett not remove the children from the state without the written consent of Mr. Hatchett or the court and that Mrs. Hatchett post a bond in the amount of $5,000.00 to protect Mr. Hatchett in the event of her failure to comply with the joint custody plan.
ISSUES:
In this appeal, Mrs. Hatchett contends that the trial court erred in: (1) entering a joint custody order which in fact gave the father permanent and exclusive custody of the children and deprived her of any meaningful visitation; (2) issuing an ex parte order modifying an existing custody order; (3) denying her visitation rights unless she posted a $5,000.00 bond and (4) issuing a custody order prohibiting her from removing the children from the state.
THE JOINT CUSTODY ORDER:
Mrs. Hatchett contends that the trial court abused its discretion by entering a joint custody order which in effect gave Mr. Hatchett permanent and exclusive custody of the children and deprived her of any meaningful visitation.
Civil Code Article 157 provides that in all cases of separation and divorce and change of custody after an original award, permanent custody shall be awarded in accordance with Article 146. Under Article 146 the paramount consideration is the best interest of the child. The trial court's discretion in custody matters is entitled to great weight and should not be disturbed unless it amounts to a clear abuse of discretion. *628 Colley v. Colley, 435 So.2d 1141 (La.App.1st Cir.1983).
Inasmuch as the parties agreed by stipulation to joint custody of the children, the sole issue before the trial court was the plan of implementation of joint custody. Paragraph D. of Article 146 provides that in making an award of joint custody, the court shall consider, among other things, the factors enumerated in Paragraph C.(2). Among the factors listed in Paragraph C.(2) are:
"(j) The willingness and ability of each of the parents to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent.
(k) The distance between the respective residences of the parties."
At the hearing on the plan of implementation, Mrs. Phyllis Lefeaux, the counselor with Family Counseling Service who attempted to work with the parties in formulating a plan of implementation testified as the court's witness. She testified that while Mr. Hatchett showed a willingness to negotiate, Mrs. Hatchett showed great unwillingness to work with Mr. Hatchett in formulating a plan. She further testified that at the counseling sessions, Mrs. Hatchett stated that she intended to take the children out of the state in order to deny Mr. Hatchett access to them. This testimony was corroborated by Mrs. Hatchett's next door neighbor who testified that Mrs. Hatchett expressed the same intentions to her.
The testimony further showed that Mr. Hatchett is now remarried and resides in New Orleans. Mrs. Hatchett has continued to reside in the family home in Baton Rouge. The two children are now five and six years of age and the oldest is attending school.
Although the trial judge did not assign reasons for judgment, he obviously concluded that the best interest of the children would be served by awarding joint custody in accordance with the plan submitted by Mr. Hatchett. In light of the inability of the parties to agree on a plan of implementation, the distance between the residences of the parties, and the ages of the children, we cannot say that the trial court abused its great discretion in ordering joint custody in accordance with the plan submitted by Mr. Hatchett.
We note that, contrary to Mrs. Hatchett's contention, the joint custody order did not give Mr. Hatchett exclusive and permanent custody nor did it deprive her of any meaningful visitation. Paragraph D. of Article 146 provides: "for purposes of this Article, `joint custody' shall mean the parents shall, to the extent feasible, share the physical custody of children of the marriage." (emphasis added) The plan submitted by Mr. Hatchett provided that the children would physically reside with him during the school year and with Mrs. Hatchett during the summer months. The plan further provided that the non-residential parent would have physical access to the children on the first and fourth weekend of each month and that physical custody would be alternated on holidays. Further, the order is not permanent since Paragraph E. of Article 146 authorizes the court, on its own motion or on motion of the parties, to modify or terminate the plan of implementation.
THE EX PARTE ORDER:
Mrs. Hatchett contends that the trial court erred in issuing an ex parte order modifying an existing custody order. The order was signed by the trial court on April 27, 1983 without notice to Mrs. Hatchett or a hearing and was based on the affidavit of Mr. Hatchett in which he alleged that Mrs. Hatchett was about to leave the state with the children. The trial court set a hearing on the matter for May 5, 1983. On the date of the hearing, the matter was reassigned to June 1, 1983, by consent of the parties.
We recognize that an ex parte custody order granted by a trial judge without notice, service of pleadings, and without affording a hearing to the parent having custody of the child is null and without effect. State, In Interest of Thompson, *629 372 So.2d 1255 (La.App.3d Cir.1979); Saizan v. Saizan, 311 So.2d 281 (La.App.1st Cir.1974). However, the June 1 hearing dealt with the plan of implementation of joint custody. After that hearing the court entered the order which forms the basis of this appeal. We therefore conclude that, because of the subsequent hearing and order, the issue of the validity of the ex parte order was rendered moot.
CONDITIONS ON CUSTODY:
Mrs. Hatchett also contends that the trial court erred in conditioning her joint custody rights on the requirement that she post a bond in the amount of $5,000.00 and refrain from taking the children out of the state without the consent of the court or Mr. Hatchett.
Although restrictions on custody and court supervision of custody should not be employed except in unusual circumstances, the court may order such if the circumstances require them. Le Bouef v. Fontenot, 390 So.2d 266 (La.App.3d Cir. 1980). In Griffin v. Griffin, 424 So.2d 1228 (La.App.1st Cir.1982), this court stated:
"A review of the case law reveals the trial court has the discretion to allow or to disallow the child's removal from the jurisdiction of the court. The standard when making such a decision is the same used in custody matters in general, i.e., `the best interest of the child.'" (citations omitted) 424 So.2d at 1231
The trial court obviously concluded that, because of Mrs. Hatchett's threats to remove the children from the state in order to deny Mr. Hatchett visitation, a condition limiting her from removing the children was necessary to insure the success of the joint custody plan. In light of the mandate of Paragraph D. of Article 146 that the physical care and custody of the children shall be shared by the parents in such a way as to assure a child of frequent and continuing contact with both parties and the circumstances presented in this case, we conclude that the trial court did not abuse its discretion in prohibiting Mrs. Hatchett from removing the children from the state without the consent of the court or Mr. Hatchett.
However, we conclude that the trial court did abuse its discretion in ordering that Mrs. Hatchett post a $5,000.00 bond in order to exercise her rights under the joint custody plan. The judgment of the trial court stated that the purpose of the bond was to protect Mr. Hatchett in the event of Mrs. Hatchett's failure to comply with the joint custody plan. While the condition may accomplish this purpose, we fail to see how the best interest of the children would be served by requiring the mother to post a bond in order to exercise her rights under the joint custody plan.
CONCLUSION:
For the foregoing reasons, the portion of the judgment of the trial court requiring Margarita Hatchett to maintain a bond in the amount of $5,000.00 is reversed. In all other respects the judgment is affirmed. Costs of this appeal are assessed in equal amounts against both parties.
AFFIRMED.