470 So.2d 644 (1985)
Thomas A. KNIGHT
v.
Denise Stielow Dubuisson KNIGHT.
No. CA 84 1488.
Court of Appeal of Louisiana, First Circuit.
May 29, 1985.
*645 Robert J. Black, Bogalusa, for plaintiff, appellant.
Wendell E. Tanner, Slidell, for defendant, appellee.
Before COLE, CARTER and LANIER, JJ.
COLE, Judge.
This is a child custody case. The question presented is whether the modification of a joint custody implementation plan by the trial court is proper when the necessity for modification arises from unilateral action taken by the custodial parent violative of a temporary restraining order.

FACTS
On April 5, 1984, Mr. Thomas A. Knight filed a petition seeking separation from his wife, Mrs. Denise Stielow Dubuisson Knight, and joint custody of their four year, ten month old child, Trenton A. Knight. Mrs. Knight answered and by reconventional demand sought separation from her husband and temporary, then permanent, custody of the minor child.
The trial court ordered Mrs. Knight be granted temporary custody of the child during the pendency of the proceeding. On June 1, 1984, Mr. Knight ruled Mrs. Knight into court alleging she intended to remove the child from the court's jurisdiction. A temporary restraining order was issued enjoining and prohibiting Mrs. Knight from removing the child from the jurisdiction of the court until a hearing on the relief sought in Mr. Knight's rule transpired. The relief sought by Mr. Knight included sole custody of his child.
On June 13, 1984, a judgment was rendered granting joint custody of the child pursuant to a custody implementation plan. The principal features of the plan allowed Mr. Knight physical custody of the child for one week out of four weeks and one additional weekend out of four weekends. As well, Mr. Knight was afforded the right to pick up the child each day at the end of school and return him to Mrs. Knight by 6:00 P.M. on the days she retained physical custody. At all other times Mrs. Knight was to have physical custody of the child, with exceptions for holidays.
On June 22, 1984, Mr. Knight ruled Mrs. Knight into court for contempt. As grounds the rule alleged Mrs. Knight violated the June 1st temporary restraining order by removing the child to Natchez, Mississippi, outside the court's jurisdiction.[1] A hearing was conducted on July 2, 1984 to resolve the custody situation. Mrs. Knight was found to have moved to Natchez to obtain more favorable employment. Even so, she was held in contempt of court and ordered to serve either one day in jail or pay $50. Further, a modified custody implementation plan was ordered. Generally, the plan provides the legal domicile of the child is to be with Mr. Knight in St. Tammany *646 Parish, Louisiana and for Mrs. Knight to appoint a registered agent for service of process in St. Tammany Parish. The child is to reside with Mr. Knight for ten weeks after the school year is completed and the remaining forty-two weeks with Mrs. Knight in Natchez. Mrs. Knight is to have visitation rights three out of every five weekends the child resides with Mr. Knight and vice versa. Mr. Knight appeals from this order insofar as it denies him sole custody of the child and/or it modifies the June 13, 1984 custody implementation plan.

LAW
"Civil Code Article 157 provides that in all cases of separation and divorce and change of custody after an original award, permanent custody shall be awarded in accordance with Article 146. Under Article 146 the paramount consideration is the best interest of the child. The trial court's discretion in custody matters is entitled to great weight and should not be disturbed unless it amounts to a clear abuse of discretion." Hatchett v. Hatchett, 449 So.2d 626, 627 (La.App. 1st Cir.1984), writ denied 457 So.2d 11 (La.1984).
After serious consideration of the factors enumerated by La. Civil Code art. 146(C), the trial court stated,
"However, at this point in time, the Court feels like the score going down the line is a tie with the burden on the mover in this case, Mr. Knight, to show one of these factors to be in the best interest. This Court believes that that distance is of such a nature and the importance of the child knowing both his mother and father is such a difference that to grant sole custody to one of these parents over the other would be to deprive the parentto deprive the child of both a mother and a father with equal rights over that child and with equal love to give and to receive, and, accordingly, feels that that's much more important than this distance between the parties. Accordingly, this Court does not grant the sole custody of the child to you, Mr. Knight, as you have requested."
The statement by the trial court strikes at the essence of this dilemma. Joint custody is presumed to be in the best interest of the child. La.Civ.Code art. 146(C). Our review requires we find Mr. Knight has not overcome this presumption. Therefore, sole custody was properly denied Mr. Knight at this juncture.
This court notes the original custody implementation plan provided for more "frequent and continuing contact with both parents." For this reason we can not condone the unilateral action taken by Mrs. Knight which inexorably required a modification of the original plan. If this court were not satisfied the relocation, in violation of the temporary restraining order, resulted in Mrs. Knight obtaining more favorable employment a different result would ensue. A relocation, in this circumstance, without a reasonable basis would be viewed as detrimental to Trenton. See Everett v. Everett, 433 So.2d 705 (La.1983).
Upon examination, we find the modified custody implementation plan to be similar to plans which have received prior judicial approval. See Hatchett, supra at 628. Joint custody does not require a fifty-fifty sharing, nor could it given the vagaries of each case. Plemer v. Plemer, 436 So.2d 1348 (La.App. 4th Cir.1983). We feel strongly Mr. Knight should continue to play a major role in the development of Trenton. Information must be made available and exchanged by both parents as required by art. 146. The retention of exclusive jurisdiction by the trial court, coupled with the child's St. Tammany Parish domicile and Mrs. Knight's appointment of an agent for service of process, should ensure communication between the spouses.
We find the child support obligation of $250 per month to be reasonable. See Plemer, supra at 1351. However, we encourage Mr. Knight to continue to express his love and concern for Trenton's well-being. Accordingly, we affirm the decision *647 of the trial court. Costs of this appeal are to be borne by Mr. Knight.
AFFIRMED.
NOTES
[1] La.Code Civ.P. art. 3604(B) provides:

"Nevertheless, a temporary restraining order issued in conjunction with a rule to show cause for a preliminary injunction prohibiting a spouse from:
(1) Disposing of or encumbering community property;
(2) Harming the other spouse or a child; or
(3) Removing a child from the jurisdiction of the court, in a suit for separation from bed and board or divorce shall remain in force until a hearing is held on the rule for the preliminary injunction."