SEXTON, Judge.
In this child custody case Mrs. Dorothy Lucille Marionneaux, defendant-appellant, appeals a judgment of the trial court implementing a plan of joint custody in which Mr. William Earl Marionneaux, plaintiff-ap-pellee, was named as the primary custodial parent of the children. We affirm.
Dorothy Lucille Marionneaux and Willard Earl Marionneaux were married on March 1, 1975. Two children were born of this marriage, Jennifer Ann, age 8, and Mark Spencer, age 6.
The parties physically separated on February 28, 1985, when Mr. Marionneaux moved from the family home. Jennifer Ann continued to reside in the family home with Mrs. Marionneaux, while Mark Spencer resided predominately with Mr. Marion-neaux.
Shortly thereafter, the plaintiff filed suit for a separation from his wife on the grounds of cruelty. In his petition, plaintiff also requested that custody of the parties’ minor children be awarded in accordance with the best interest of the children. The defendant answered plaintiff’s petition and asked that the court grant her the permanent care, custody and control of the couple’s two minor children, subject to rights of reasonable visitation in favor of the plaintiff. Accordingly, defendant en-voked a rule returnable on March 29, 1985 in which she sought the custody of the children and child support.
On the return date of the rule, the trial court, pursuant to a joint stipulation of the parties, granted joint custody naming defendant, Mrs. Marionneaux, as domiciliary parent, and granting plaintiff, Mr. Marion-neaux, physical custody of the minor children during the months of June and July.
On April 29, 1985, this matter was taken up on the merits and the plaintiff was awarded a separation from bed and board against the defendant. The defendant began working at the Monroe Chamber of Commerce on May 7, 1985, and moved to Monroe approximately three weeks later.
On August 5, 1985, plaintiff envoked a rule returnable on October 15, 1985, seeking to be named the custodial parent. On that same date, the trial court entered an *1320 ex parte order awarding joint custody of the children to both parties. The order also named plaintiff as the domiciliary parent until October 15, 1985, the hearing date set to determine the permanent custodial arrangements. Defendant was given visitation rights from 6:00 p.m. on Friday until 6:00 p.m. on Sunday each week. The trial court minutes reflect this action was taken because a hearing could not be held before the start of school.
After hearing the evidence on October 15, 1985, the trial court maintained joint custody, but named the father the primary custodial parent during the school year and granted defendant physical custody of the children during the summer months. From this judgment, defendant appeals.
Appellant initially contends that the trial court erred in issuing an ex parte order modifying an existing custody order without a hearing. Appellant contends this ex parte order was illegal.
In issuing the ex parte order, the trial judge apparently determined to leave the children in the matrimonial home with the father so that they could be enrolled in their regular school until the hearing to determine domicile, which could not be held prior to the beginning of school.
If no previous domiciliary determination had been made by the trial court, we believe the order at issue would have been appropriate based on the inherent judicial power embodied in LSA-C.C.P. Art. 191— even though LSA-C.C. Art. 146 makes no provision for temporary domicile pending a determination of the domiciliary or custodial parent.
However, since there had already been a stipulated determination of the domiciliary parent, the trial court’s ex parte order changing the domiciliary parent, although well intentioned, was improper. Hatchett v. Hatchett, 449 So.2d 626, 628 (La.App. 1st Cir.1984), writ denied 457 So.2d 11 (La.1984). However, the subsequent hearing and the considered domiciliary determination by the trial court rendered the ex parte order moot. Hatchett v. Hatchett, supra.
A more important question is whether the trial court erred in making the father the primary custodial parent of the two minor children.* Appellant alleges that the trial court abused its much discretion in not giving proper consideration to the factors outlined in LSA-C.C. Art. 146. Appellant also contends that in reaching its determination the trial court improperly considered the fact that the children had been with the father by virtue of the invalid ex parte order.
Under Art. 146, the paramount consideration is the best interest of the child. The trial court’s discretion in custody matters is entitled to great weight and should not be disturbed unless it amounts to a clear abuse of discretion. Hatchett v. Hatchett, supra; Colley v. Colley, 435 So.2d 1141 (La.App. 1st Cir.1983), writ denied, 441 So.2d 751 (La.1983). Great deference must be accorded to the decision of the trial court, not only because of that court’s better capacity to evaluate witnesses, but also because of the proper allocation of trial and appellate functions between the respective courts. Bagents v. Bagents, 419 So.2d 460 (La.1982).
Paragraph D of Article 146 provides that in making an award of joint custody, the court shall consider, among other factors, the factors enumerated in Paragraph C(2). Among the factors listed in Paragraph C(2) are:
(d) The length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity.
(e) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(h) The home, school, and community record of the child.
Mrs. Marionneaux contends that the trial court improperly based its reasons for judgment solely on the fact that the chil *1321 dren have resided in Winnsboro all of their lives. On the contrary, the district court judge properly considered the stability of the children’s total environment. In Primm v. Primm, 409 So.2d 1288, 1290 (La.App. 2d Cir.1982), this court determined that neither parent was perfect, but
the best interest of these young children will be served by maintaining their “permanent” custody with their mother in the same environment they have known since their birth. Stability of environment is one factor which may be considered in applying the best interest standard.
After hearing the testimony presented at the hearing on October 15, 1985, the trial court judge assigned reasons for the judgment including the fact that both children have resided in Winnsboro all of their lives, both children are very well adjusted to their surroundings, both children are making extremely good grades in school, and both children are involved in extracurricular activities in the Winnsboro area. The judge also noted that after school the children go to their father’s office to study and for snacks, so they have extra time with him or are in close proximity to him.
Thus in our view the trial court did not determine the primary custodial parent based on the fact that the children had recently resided with the father as a result of the ex parte order also in question here, but rather determined that it was in the best interest of these minor children to continue to reside in the Winnsboro area based on appropriate codal provisions. We cannot say on this record that this determination was an abuse of the trial court’s discretion. The judgment appealed is therefore affirmed.
AFFIRMED.

 Inasmuch as the parties agreed by stipulation to joint custody of the children, the only remaining issue before the trial court was the plan of implementation of joint custody.