Judge Paula A. Brown
11 This matter involves a child custody dispute. The pro se devolutive appeal of the father, Cedrick L. Allums, contends that the trial court erred in its interim judgment of June 19, 2014, which awarded the mother sole custody of their two minor children and limited him to supervised visitation. The judgment gave the parties the right to modify its terms after a period of six months. For the reasons that follow, we dismiss the appeal as moot.
*192 FACTS/PROCEEDINGS BELOW
The mother, Donyale Williams Allums, filed a counseled petition for divorce on January 21, 2010. The petition alleged Mr. Allums and she had two children. A default judgment of divorce was entered on April 14, 2011. On May 28, 2014, Ms. Allums filed a Petition For Protection From Abuse With Order of Protection and a Petition To Establish Custody. In response to the Order of Protection, Mr. Allums filed a reconventional demand, seeking protection from the mother. The trial court conducted a hearing on the custody and protective order issues on June 17, 2014. Both parties were self-represented at the hearing.
1 .Ms. Allums testified she sought protection from Mr. Allums because of his constant harassment. According to Ms. Al-lums, Mr. Alums wanted to reclaim her as his wife, but she rebuffed his reconciliation attempts. As a result of her rejection, Mr. Allums constantly called her, left voicemail messages, and sent her e-mails. Ms. Al-lums claimed he contacted her employer, her mother, and her pastor. He also sent letters in which he referenced her as a slut and a whore. Ms. Allums urged the trial court to award her custody because she was employed and could provide stability for their children.
Mr. Allums countered Ms. Allums was a proven liar. He stated she was cited with filing a false police report in 2008. Mr. Allums suggested conspiracies against male authority caused the trial court judge to be biased, against him. He accused the judge of a lack of impulse control and asserted she prohibited his free speech.
Notably, Mr. Allums did not confirm whether or not he was employed. He claimed he was waiting on his union electrician card. Mr. Allums also failed to provide a permanent address. He testified he had lived in homeless shelters and in his car. He acknowledged Ms. Allums had brought the children to visit him under the Lakefront Bridge.
At the end of the trial, the trial court accredited Ms. Allums’ testimony. The interim judgment, without prejudice to either party, granted Ms. Allums sole custody of the children and Mr. Allums supervised visitation at the Orleans Parish Sheriffs Harmony House. The judgment provided either party could bring a rule to modify its terms after a period of six months.[1]
|aMr. Allums timely filed a devolutive motion for appeal[2] on July 17, 2014, which was signed by the trial court. Mr. Allums requested a waiver of court fees.[3]
The record was lodged in this Court on January 9, 2017. Mr. Allums filed his brief on February 21, 2017.[4]
DISCUSSION
The underlying issue presented by Mr. Allums’ appeal is whether the trial court abused its authority in awarding the mother interim sole custody and in limiting him to supervised visitations. However, before we can address the merits, this Court must *193 first consider whether the present appeal presents an existing justiciable controversy over which this Court has subject matter jurisdiction.
When all of the legal controversies arising from a judgment become moot, an appellate court effectively lacks jurisdiction as there is no subject matter on which the judgment can operate. Joseph v. Ratcliff, 2010-1342, p. 7 (La.App. 1 Cir. 3/25/11), 63 So.3d 220, 225. The justiciable controversy must normally exist at every stage of the proceeding, including appellate stages. Id. Any judicial pronouncement after the controversy lapses is an impermissible advisory opinion. Id.
An appellate court may, on its own motion, as a matter of judicial economy, order the dismissal of a suit where all the issues presented have become moot. Cory v. Cory, 43,447, p. 6 (La.App. 2 Cir. 8/13/08), 989 So.2d 855, 859-860. case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief. Cat’s Meow, Inc. v. City of New Orleans Through Dept. of Finance, 98-0601, p. 8 (La. 10/20/98), 720 So.2d 1186, 1193.
Here, the interim judgment, entered on June 19, 2014, gave both parties the right to modify its terms after six months. Mr. Allums’ jurisdictional statement represented he waited until 2016 to attempt modification. He alleged the trial court denied his motion to modify custody on May 13, 2016. Thereafter, on November 14, 2016, he averred the trial court denied his motion to establish custody, granted the mother sole custody, and placed him under another order of protection.[5] This Court, sua sponte, made additional inquiry to determine if the trial court indeed rendered subsequent custodial decrees. Our review verified Mr. Allums filed a Rule To Modify Custody on April 11, 2016. The trial court denied the rule on May 13,2016. Mr. Allums filed a follow-up Petition For Custody on October 31, 2016. The trial court also denied that petition on November 15, 2016 and granted sole custody to Ms. Alums.[6]
The record before us does not reflect why it took nearly two and a half years for Mr. Allums’ appeal to be lodged in this Court. Mr. Allums complains in his appellate brief the Clerk of Court of the district court may have caused the delay. However, regardless of the reasons for the delay, under the facts and circumstances of this case, the end result is still the same—the appeal is now moot.
As a matter of law, Mr. Allums’ devolu-tive appeal did not suspend the June 19, 2014, interim judgment. The judgment remained executory. During the pendency of this appeal and before the record was lodged, Mr. Allums petitioned |fithe trial court on two separate occasions to modify the interim child custody decree; and as referenced herein, the trial court denied his requests for relief. Consequently, after six months lapsed and the other custodial decrees were subsequently rendered, this Court could no longer offer Mr. Allums any relief from the interim custody judgment.
In Jaume v. Jaume, 410 So.2d 289 (La. App. 4 Cir. 1982), the appellate court found an appeal taken from a judgment dismissing the father’s rule for permanent custody and awarding the mother temporary custody would be dismissed as moot where a subsequent judgment granted the father *194 temporary custody. Similarly, in the present matter, when Mr. Alums returned to the trial court after six months had lapsed to modify the terms of the interim judgment and obtained judgments on his petitions, the present appeal became moot. The May 13, 2016 and November 15, 2016 custody decrees effectively superseded the June 19, 2014 interim judgment, the only judgment presently before this Court on appeal. Accordingly, any decree from this Court affirming or reversing the interim judgment would serve no useful purpose and amount to no more than an impermissible advisory opinion. See Joseph, 2010-1342 at p. 7, 63 So.3d at 225.
| «CONCLUSION
Based on the foregoing reasons, this Court lacks subject matter jurisdiction over this appeal. Accordingly, Mr. Allums’ appeal is dismissed as moot.[7]
APPEAL DISMISSED

. Separately, the trial court denied Mr. Al-lums’ reconventional demand for a protective order and granted Ms. Allums a civil order of protection.

. Mr. Allums’ appeal constituted a devolutive appeal as La. C.C.P. art. 3943 provides an appeal from a judgment awarding custody, visitation, or support does not suspend execution of the judgment.

. The record does not show any formal response to the fee waiver request. The record also does not reflect service of the notice of appeal on Ms. Allums.

. Mr. Allums’ appellate brief did not contain any notice of service on Ms. Allums.

. The record does not show Mr. Alums appealed these judgments.

. The trial court also extended a protective order in favor of Ms. Allums on the same date.

. Even if this Court .did not dismiss Mr. Alums’ appeal as moot, the appeal was not ripe for review. Rule 2-14.1, Uniform Rules, Courts of Appeal, requires service of all papers filed in this Court on all parties or counsel of record in compliance with La. C.C.P. art, 1313. Rule 2-14.2 requires a certificate verifying the method of service on all parties and counsel of record, The record contains no evidence to show compliance with the service requirements of either rule,