| THE SUCCESSION OF RUTH THOMPSON AND BEULAH MAE JEFFERSON | * | NO. 2020-CA-0536 |
|---|---|---|
| | * | COURT OF APPEAL |
| | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-10490, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Regina Bartholomew-Woods, Judge Paula A. Brown)

Kyle Salvador Sclafani
THE LAW OFFICE OF KYLE S. SCLAFANI
4130 Canal Street
New Orleans, LA 70119

Jack Edward Morris
JACK E. MORRIS, ATTORNEY AT LAW, LLC
4051 Veterans Memorial Boulevard
Suite 208
Metairie, LA 70002

COUNSEL FOR PLAINTIFF/APPELLEE

John A. E. Davidson
Christopher J. Davidson
DAVIDSON & DAVIDSON, APLC
2901 Independence Street
Suite 201
Metairie, LA 70006

COUNSEL FOR DEFENDANT/APPELLANT

**APPEAL CONVERTED TO A WRIT;
WRIT DISMISSED
July 14, 2021**

This is a succession proceeding. Appellants, Brittany and Jamar Waiters ("the Waiters"), appeal the district court's judgment, which granted a preliminary injunction in favor of Appellee, Renee E. deVille ("Ms. deVille") and prohibited the Waiters from interfering with Ms. deVille's peaceful possession of property located at 4609-11 Freret Street in New Orleans, Louisiana (the "Property").

For the reasons set forth below, we convert the appeal to a supervisory writ and dismiss the writ.

**JURISDICTION**

This Court has long held that "appellate courts have a duty to determine whether subject matter jurisdiction exists to entertain an appeal, even if the parties fail to raise the issue." *Waiters v. deVille*, 20-0556, 2020 WL 8455459, at *2 (La. App. 4 Cir. 12/30/20) (citing *Waiters v. deVille*, 19-1048, p. 1 (La. App. 4 Cir. 04/22/20), 299 So. 3d 728, 731); *Moon v. City of New Orleans*, 15-1092, 15-1093, p. 5 (La. App. 4 Cir. 03/16/16), 190 So.3d 422, 425. In the present case, the Waiters filed a devolutive appeal challenging the district court's issuance of a preliminary injunction in favor of Ms. deVille. "A preliminary injunction is an interlocutory procedural device designed to preserve the status quo as it exists

1

between the parties, pending trial on the merits." *Meredith v. I Am Music, LLC*, 18-0659, p. 4 (La. App. 4 Cir. 2/13/19), 265 So.3d 1143, 1146 (citation omitted). "The proper procedural vehicle to seek review of an interlocutory judgment that is not immediately appealable is an application for supervisory writ." *Waiters v. deVille*, 20-0556, 2020 WL 8455459, at *2 (La. App. 4 Cir. 12/30/20) (quoting *Delahoussaye v. Tulane Univ. Hosp. & Clinic*, 12-0906, p. 4 (La. App. 4 Cir. 2/20/13), 155 So.3d 560, 562). Thus, the Waiters improperly sought review of the district court's judgment via an appeal. "Notwithstanding, this Court has converted a non-appealable judgment to an application for supervisory writs when the following two conditions have been met: (1) [t]he motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under La. Unif. R. Ct. App. 4-3; and (2) [w]hen the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation." *Waiters*, 20-0556, 2020 WL 8455459, at *2-3 (citation omitted).

In the case *sub judice*, we conclude both conditions were met. The district court rendered judgment on August 14, 2020, granting a preliminary injunction in favor of Ms. deVille and against the Waiters, prohibiting the Waiters from disturbing Ms. deVille's peaceful possession of the Property. On August 27, 2020, well within thirty (30) days from the date of notice of the judgment, the Waiters filed their motion for devolutive appeal. In addition, the district court's judgment, granting the preliminary injunction, did not terminate the outcome of this litigation, as Ms. deVille has a pending petition for intervention and reimbursement of costs incurred in rehabilitating the Property. Furthermore, because the injunction

2

impacted real property and commerce, we conclude an immediate decision is necessary to ensure fundamental fairness and judicial efficiency. *See, Id.*, 20-0556, 2020 WL 8455459, at *3 (wherein this Court converted the appeal to a writ application and held that "the Injunction is of such a nature (impacting real property and commerce) that an immediate decision is necessary to ensure fundamental fairness and judicial efficiency, which warrant our exercising the discretion to do so." Consequently, as the conditions to convert the appeal to a writ application have been met, we convert the Waiters' appeal to an application for supervisory writ.

## FACTUAL AND PROCEDURAL HISTORY

On December 3, 2009, Ms. deVille purchased a 1% ownership interest in the Property, owned by Ruth Thompson and her daughter, Beulah Mae Jefferson, at a tax sale for unpaid *ad valorem* taxes. On September 28, 2011, Ms. deVille filed a petition for writ of possession to obtain lawful possession and to begin repairs; she was granted possession of the Property on October 19, 2011. With the intent to obtain ownership of blighted property by acquisitive prescription, pursuant to La. R.S. 9:5633, Ms. deVille filed an affidavit of intent to possess.[1] Following, Ms. deVille applied for and obtained permits to renovate the property from the City of New Orleans and was issued a certificate of occupancy in August 2013.

On October 18, 2018, Roosevelt Thompson (the "Administrator")—Ruth Thompson's grandson and Beulah Jefferson's son—petitioned the district court to administer the successions of Ruth Thompson and Beulah Jefferson (the

---

[1] La. R.S. 9:5633 *et seq.* sets forth twelve (12) requirements which must be met to acquire blighted property through acquisitive prescription.

3

"Successions").[2]  On the same day, the Administrator filed a petition for authority to sell the Property owned by the Successions at a private sale.  In an order dated October 18, 2018, the district court authorized the Administrator to advertise the private sale of the Property.  The Administrator also executed and filed an affidavit of nullification, attesting that Ms. deVille failed to comply with La. R.S. 9:5633(J).[3]

On November 13, 2018, the Successions sold the Property to the Waiters. Following the sale, multiple legal actions occurred between the Waiters, Ms. deVille, and the Successions over the Property.

*The Waiters Suit*

After the Waiters purchased the property from the Successions, on December 28, 2018, in a separate proceeding entitled *Waiters v. deVille*,[4] the Waiters filed a petition to annul tax title, declaratory judgment, and petitory action against Ms. deVille.  Ms. deVille responded to the suit and filed a reconventional demand for declaratory judgment, possession, and damages, seeking reimbursement for the amounts she paid in maintaining the Property.  The Waiters,

---

[2] The *Succession* suit, docket number 2018-10490, was allocated to Judge Ethel Julien, Civil District Court, Division "N".

[3] La. R.S. 9:5633(J) provides in pertinent part:

> In the event that the possessor does not comply with the provisions of Subsection A of this Section . . . any interested party may execute and file in the conveyance records an affidavit describing the instance or instances of the possessor's failure to comply with the provisions of Subsection A of this Section . . . .  Said filed affidavit . . . shall be conclusive evidence of the failure of the possessor to comply with the requirements necessary to acquire the immovable by the prescription provided for in this Section and shall act to nullify the filed affidavit of intent to possess . . . and the filed affidavit of possession . . . as if the said affidavits were never filed, without any need to have said affidavits canceled or released of record.

[4] The *Waiters* suit, docket number 2018-13046, was allotted to Judge Kern Reese, Civil District Court, Division "L".

4

as defendants-in-reconvention, filed a peremptory exception of no cause of action, alleging Ms. deVille failed to comply with the requirements of La. R.S. 9:5633. The district court granted the Waiters' motion, and Ms. deVille appealed the judgment.

On April 22, 2020, this Court issued its opinion and found that due to Ms. deVille's failure to comply with La. R.S. 9:5633, she had no ownership claim to the property. Notwithstanding, this Court concluded that Ms. deVille had not forfeited her right to claim reimbursement under La. R.S. 9:5633(E) and had a right to seek reimbursement from the Waiters, the owners of the Property. This Court converted Ms. deVille's appeal to a supervisory writ application, reversed the district court's judgment and remanded the matter to the district court for further proceedings. *Waiters v. deVille*, 19-1048, pp. 3-8 (La. App. 4 Cir. 4/22/20), 299 So.3d 728, 732-35, *writ denied*, 21-00283, (La. 4/13/21), 313 So.3d 1249 (hereinafter referred to as "*Waiters I*") (footnotes omitted).

On September 25, 2019, while *Waiters I* was pending, the Waiters filed a preliminary injunction against Ms. deVille. The Waiters sought to be placed in possession of the Property and to have Ms. deVille removed from the Property. After a contradictory hearing, on November 27, 2019, the district court granted a preliminary injunction in favor of the Waiters, prohibiting Ms. deVille from possessing the property. On December 3, 2019, Ms. deVille filed a motion to appeal the district court's November 27, 2019 judgment and motion to stay the execution of the judgment pending the appeal, which the district court granted.

On July 29, 2020, while the appeal on the district court's November 27, 2019 judgment on the preliminary injunction was pending, the Waiters filed a motion for partial summary judgment, seeking to annul Ms. deVille's tax deed and

5

be recognized as the sole owners of the Property. After a hearing on the motion for summary judgment, on September 22, 2020, the district court granted the Waiters' motion for partial summary judgment on the issue of tax sale nullity. Ms. deVille sought supervisory review of the district court's September 22, 2020 judgment.

On review, this Court converted Ms. deVille's appeal on the injunction to an application for supervisory writ and consolidated it with her application for supervisory review on the partial motion for summary judgment.

This Court found the district court erred when it granted the Waiters' injunction and ordered that Ms. deVille be prohibited from possessing the Property and being removed from the Property. This Court explained that the district court erred in dispossessing Ms. deVille, because the district court, "converted the preliminary injunction—which maintains the status quo—to a prohibitory/mandatory injunction—which orders an act, without a full evidentiary hearing. . . ." *Waiters v. deVille*, 20-556, 20-324, 2020 WL 8455459 at *35 (La. App. 4 Cir. 12/20/20) (hereinafter referred to as "*Waiters II*") (footnote omitted). Accordingly, this Court granted the writ, vacated the injunction issued by the district court in favor of the Waiters, and remanded the matter to the district court for further proceedings. This Court also concluded the district court was legally correct in granting the motion for summary judgment on the issue of ownership of the Property in favor of the Waiters and against Ms. deVille. Nonetheless, this Court found that the district court had no authority to cancel the tax sale deed, without first holding a contradictory hearing on Ms. deVille reimbursement claims. This Court, therefore, granted Ms. deVille's writ to stay the execution of the district court's judgment, which ordered the tax sale null and void, until Ms.

6

deVille's reimbursement claims are fixed and paid by the Waiters. *Id*., 20-556, 20-324, 2020 WL 8455459 at *32.

*The Successions Suit*

In the *Successions* suit, on August 12, 2019, Ms. deVille filed a proof of claim, re-urging her 1% ownership in the Property and her reimbursement claims against the Successions. On September 17, 2019, she filed a verified petition of intervention and third-party demand as a creditor against the Successions and the Administrator, and against the Waiters as third-party defendants. Ms. deVille sought rescission of the sale, requiring the Property to be returned to the estates, reimbursement monies expended on the Property, damages for the alleged bad faith acts of Mr. Waiters, and costs.

On October 31, 2019, the Waiters responded by filing a third-third party defendant-in-intervention peremptory exception of no right of action, *res judicata*, and peremption, and request for protective order. First, the Waiters argued that Ms. deVille was not the owner of the Property; therefore, she did not have a right of action against the Waiters—the owners of the Property. Second, the Waiters maintained because the same issues between the same parties were being heard in another section of the district court, Ms. deVille's petition for intervention is precluded under the doctrine of *res judicata*. Third, the Waiters contended that Ms. deVille's claim for reimbursement was prohibited due to her failure to comply with the requirements of La. R.S. 9:5633. Finally, the Waiters sought a protective order against Ms. deVille's request for a copy of their closing documents for the purchase of the Property.

After hearing the exceptions, the district court took the matter under advisement. On June 10, 2020, the district court rendered judgment overruling/denying the Waiters' exception of no cause of action, the exception of *res judicata* and peremption, and granting the protective order in favor of the Waiters and against Ms. deVille. Notably, the district court explained "the appellate court has found that Ms. deVille has stated a cause of action for reimbursement pursuant to La. R.S. 9:5633 (E)."[5]

On July 17, 2020, Ms. deVille filed a petition for a temporary restraining order and injunctive relief against the Waiters, seeking to enjoin Mr. Waiters from coming onto the Property and from interfering with Ms. deVille's peaceful possession of the property.[6] Ms. deVille urged the relief sought was warranted as there had been no enforceable judgment relative to the possession or the ownership of the Property in either the *Waiters II* suit, which was on appeal at that time, or the *Successions* suit. Ms. deVille maintained that she was entitled to possess the Property until the litigation over the ownership of the property was concluded.

---

[5] The Waiters filed a timely application for supervisory review of district court's judgment, which this Court denied. *Succession of Roosevelt Thompson*, 20-0408 (La. App. 4 Cir. 9/30/20)(unpubl.)

[6] Ms. deVille alleged that Mr. Waiters contacted the Sewerage and Water Board ("SWB") and terminated the waters services to the Property; entered the building pretending to be an employee of SWB; had the locks changed at the Property; spray painted the exterior windows of the Property; and contacted Entergy to have his company placed on the account as the owner of the Property. Ms. deVille averred that she was entitled to injunctive relief pursuant to La. C.C.P. art. 3663, which provides in pertinent part:

> Injunctive relief, under the applicable provisions of Chapter 2 of Title I of Book VII, to protect or restore possession of immovable property or of a real right therein, is available to: [. . .]

> (2) A person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property or of a real right therein of which he claims the ownership, the possession, or the enjoyment.

8

In response, the Waiters filed exceptions of no cause of action and *lis pendens*. The Waiters, relying on *Waiters I*, contended that the appellate court had previously determined Ms. deVille had no ownership interest in the Property. The Waiters further contended that Ms. deVille's right to possess the Property was pending on appeal and her reimbursement claims were pending in Division "L" of the district court. Thus, the Waiters maintained that Ms. deVille's petition for injunctive relief should be dismissed.

During the hearing, the following colloquy occurred between the district court and counsel for the Waiters:

**THE COURT:** All right. Thank you. From what you've argued to me – you've argued to me that there were two cases, two appeals or whatever. And you said the last was, in fact, a request for an injunction by your client; and that based on that request, the court granted possession to your client. And you just indicated to me that that's the judgment from which there is a suspensive appeal. Correct?

**MR. DAVIDSON:** Correct.

**THE COURT:** So, that hasn't been resolved. Yes, that hasn't -- the issue of possession has not been resolved.

On August 14, 2020, following a July 24, 2020 zoom hearing and while *Waiters II* was still pending, the district court rendered judgment, granting Ms. deVille's preliminary injunction "*until a final judgment is rendered in determining the parties' ownership and possessory rights in the Property*."(emphasis added).[7]

It is from this judgment, the Waiters filed the instant appeal.

### DISCUSSION

---

[7] The district court also denied the Waiters exceptions of exception of no cause of action and *lis pendens*. On August 5, 2020, the Waiters sought supervisory review of the judgment only as to the exception of *lis pendens*. *Succession of Roosevelt Thompson*, 20-0408 (La. App. 4 Cir. 9/30/20)(unpubl.)

The Waiters assign three errors in the district court's judgment:

1. The district court erred when it granted a preliminary injunction without a true permanent injunction sought;

2. The district court erred when it granted an injunction to a litigant who does not claim ownership of property; and

3. The district court erred when it granted a preliminary injunction without a showing of irreparable harm.

Before we address the merits of the case, "this Court must first consider whether the present appeal presents an existing justiciable controversy over which this Court has subject matter jurisdiction." *Allums v. Allums*, 17-0021, p. 3 (La. App. 4 Cir. 5/31/17), 221 So.3d 191, 192-193. "It is well established that appellate courts will not render advisory opinions from which no practical results can follow." *Succession of Dedais*, 18-0914, p. 4 (La. App. 4 Cir. 4/10/19), 268 So.3d 1271, 1273. "As a result, Courts have established the rule that moot questions will not be considered on appeal." *Id.* (citation omitted). "When all of the legal controversies arising from a judgment become moot, an appellate court effectively lacks jurisdiction as there is no subject matter on which the judgment can operate." *Fid. Bank v. Succession of Dowden*, 20-0241, 2020 WL 5939215, at *6 (La. App. 4 Cir. 10/7/20), *writ denied*, 20-01390, 309 So.3d 345 (La. 1/26/21) (citations omitted). "The justiciable controversy must normally exist at every stage of the proceeding, including appellate stages. Any judicial pronouncement after the controversy lapses is an impermissible advisory opinion." *Id.* (citation omitted). "The Louisiana Constitution implicitly prohibits courts from issuing advisory opinions which will not affect the parties' rights." *Dedais*, 18-0914, p. 4, 268 So.3d at 1273 (citing *Evans v. Louisiana Patient's Comp. Fund*, 2002-0538, p. 4 (La. App. 4 Cir. 2/25/04), 869 So.2d 234, 238). Thus, "[a]n appellate Court, as a matter of judicial economy, has a right to consider the possibility of mootness on

its own motion and to dismiss the appeal if the matter has become moot." *Id.* (citing *Whitney Nat. Bank of New Orleans v. Poydras Ctr. Assocs.*, 468 So.2d 1246, 1248 (La. App. 4th Cir. 1985)).

In the case *sub judice*, while *Waiters II* was pending, Ms. deVille sought to enjoin the Waiters from entering the Property and from interfering with her peaceful possession of the Property on the grounds there had been no enforceable judgment relative to the possession or the ownership of the Property. The district court, in its August 14, 2020 judgment, granted Ms. deVille's preliminary injunction "until a final judgment is rendered in determining the parties' ownership and possessory rights in the Property." This Court in *Waiters II* issued its opinion on December 30, 2020, pertaining to the possessory and ownership rights of the Property, and held that Ms. deVille should maintain possession of the Property, pending the fixing and reimbursement of costs by the Waiters to Ms. deVille. Thus, we conclude that the district court's judgment, granting injunctive relief to Ms. deVille, is moot. Since the legal controversies arising from the August 14, 2020 judgment in which the Waiters seek review are moot, this Court effectively lacks jurisdiction as there is no subject matter upon which the judgment can operate. Accordingly, because we find this Court lacks subject matter jurisdiction over this writ, the Waiters' supervisory writ application is dismissed as moot.

## CONCLUSION

Based on the foregoing, the writ application is dismissed.

**APPEAL CONVERTED TO A WRIT;**
**WRIT DISMISSED**

11